## Lardas, Appellant, v. Underwriters Insurance Co.

Argued March 16, 1967. Before MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Thomas J. Shorall,* with him *George Shorall,* and *Royston, Robb, Leonard, Edgecombe, Miller & Shorall,* for appellants.

*Stephen W. Graffam,* with him *White, Jones and Gregg,* for appellees.

OPINION BY MR. JUSTICE JONES, June 29, 1967:

Nick D. Lardas, Constance Lardas, James Lardas, Evangeline Lardas, Constantin Lardas and Sophie Lardas (Lardas), are the record owners of a warehouse facility located in West Deer Township, Allegheny

County. This warehouse was used for "dead storage"[1] of equipment used in Lardas' painting-contracting business. Underwriters Insurance Company, Home Insurance Company, National Union Fire Insurance Company and Fidelity-Phenix Fire Insurance Company (Insurance Companies) insured the warehouse from loss by fire, the total coverage of all policies totalling $10,500.

On March 4, 1962, a fire of undetermined origin occurred which resulted in a total loss of the warehouse and caused damage in excess of the $10,500 policies' limits. Lardas first learned of the fire on or about July 15, 1962, when a letter was received from the Allegheny County Fire Marshal advising them the warehouse had been "gutted" by fire. Lardas immediately notified the Insurance Companies of the Fire Marshal's letter and their own lack of knowledge of the exact date of the fire.

The Insurance Companies sent an adjuster to investigate the fire and to initiate negotiations with Lardas and their counsel on the question of and the possible amount of liability. Prior to any active negotiations, however, the adjuster insisted upon Lardas executing nonwaiver agreements concerning any possible violation of the terms and conditions of the insurance contracts. On the advice of their counsel, Lardas executed such agreements. Active negotiations toward a possible settlement of the claim continued for a few months. Insurance Companies submitted their maximum offer of settlement in October 1962 which Lardas rejected in November 1962; this was the last offer by either party for settlement of the claims.

Upon failure of the Insurance Companies to pay Lardas' claims, the latter on March 28, 1963—1 year,

---

[1] Lardas' business required they have heavy painting, structural, scaffolding equipment. Such equipment was stored in the warehouse during the "in between jobs" periods.

3 weeks and 3 days subsequent to March 4, 1962, when the fire occurred[2]—instituted an assumpsit action against the Insurance Companies to recover upon the insurance contracts. This action, instituted in the County Court of Allegheny County, was transferred to the Court of Common Pleas of Allegheny County. The action was tried before a court without a jury and, after a trial, the court ordered the entry of a judgment in favor of the Insurance Companies. Upon affirmance of this order by the court en banc, judgment was entered. From the entry of that judgment Lardas has appealed.

The Insurance Companies defended on four grounds: (1) no proof of loss was given within 60 days from the date of the fire; (2) no lawsuit was filed within one year from the date of the fire; (3) use of the premises by Lardas constituted an abandonment of the premises which increased the hazard; (4) Lardas had not given notice to the companies of the loss within a reasonably short time after the loss. The court below entered judgment on two grounds: (1) no proof of loss had been submitted within 60 days from the date of the fire; (2) no lawsuit was filed within one year from the date of the fire.

The insurance contracts—standard fire policies as required by law[3]—provided, inter alia: "Suit. No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss." That such a clause is valid and reasonable has been long recognized: *Selden v. Metropolitan Life Ins. Co.*, 354 Pa. 500, 502, 503, 47 A. 2d 687 (1946) and authorities therein cited;

---

[2] The *exact* date of the fire is not in dispute.

[3] Act of May 17, 1921, P. L. 682, §506, added August 23, 1961, P. L. 1081, §1, 40 P.S. §636.

*Watters v. Fisher,* 291 Pa. 311, 316, 317, 139 A. 842 (1927); *Collins v. Home Insurance Co. of New York,* 110 Pa. Superior Ct. 72, 74, 75, 167 A. 621 (1933). "The Law of Insurance in Pennsylvania", Goldin, Vol. 1, 2d ed. p. 380 et seq.; 19 P.L.E., Insurance, §418, pp. 324-326. This is not a statute of limitation imposed by law; it is a contractual undertaking between the parties and the limitation on the time for bringing suit is imposed by the parties to the contract. That Lardas has breached this provision of the contracts is clear beyond question; the instant action was not instituted "within twelve months next after inception of the loss", i.e., March 4, 1962.

Lardas would excuse the breach of this policy provision in several ways. First, that Lardas' failure to commence suit within twelve months from date of the loss was not a breach of the insurance policy because the one year period began to run *when the insured had knowledge of the loss.* The fire occurred March 4, 1962. Lardas had knowledge of the fire on July 15, 1962, and commenced his suit on the insurance policies on March 28, 1963, or more than one year after the occurrence of the loss and eight months after knowledge of said loss. Certainly, Lardas had adequate opportunity and time to commence a lawsuit after he gained knowledge of the loss and prior to the policy limitation of "twelve months next after inception of the loss". Such language as to the time limitation is too plain and unequivocal to be subject to any ambiguity or misunderstanding. The period of twelve months, in fact the period of eight months, was not an unreasonable length of time in which to require the commencement of an action and ". . . it is lawful for the parties so to contract, and such a provision is binding on them [citing authorities].": *Abolin v. Farmers American Mutual Fire Insurance Company,* 100 Pa. Superior Ct. 433, 435 (1931). Lardas violated this re-

quirement of the policies and such violation is sufficient to bar his claim. See: *Abolin,* supra, pp. 435-436; *Faulks v. Unity Life and Accident Insurance Association,* 346 Pa. 346, 347, 30 A. 2d 121 (1943). See also: *Sager Glove Corporation v. Aetna Insurance Co.,* 317 F. 2d 439 (C.A. 7) (1963). Neither *O'Brien v. Sovereign Camp of the Woodmen of the World,* 122 Pa. Superior Ct. 39, 184 A. 546 (1936) nor *Thomas Holme Bldg. & Loan Association v. New Amsterdam Casualty Co.,* 124 Pa. Superior Ct. 187, 188 A. 374 (1936), upon which Lardas relies, are apposite to the case at bar.

Lardas next contends that the Insurance Companies *waived* the requirement of commencement of a cause of action within twelve months after the inception of the loss or, at least, is estopped from defending the action upon the basis of that policy provision. The record unequivocally reveals that, prior to *any* negotiations between the insurers and the insured, non-waiver agreements were executed by Lardas and such agreements preserved for the companies their rights to defend on the basis of any policy provisions. Furthermore, review of this record indicates that (a) the Insurance Companies did not in any manner mislead Lardas about the possibility of settlement—in fact in November, 1962, the parties broke off all settlement negotiations and (b) the Insurance Companies did not in any manner induce or persuade Lardas to refrain from commencing suit. Cf. *O'Brien v. Sovereign Camp of the Woodmen of the World,* 122 Pa. Superior Ct. 39, 43-45, 184 A. 546 (1936). From early November 1962 to March 28, 1963,—approximately five months— the parties did not have any effective contacts concerning the claims. Lardas has presented no factual basis upon which a finding of waiver or estoppel could be supported.

Lardas relies heavily on *Terpeluk v. Insurance Company of North America,* 189 Pa. Superior Ct. 259, 150

A. 2d 558 (1959). Even if *Terpeluk* were controlling authority, which it is not,[4] *Terpeluk* factually is completely inapposite.

The failure of Lardas to abide by the contract provision limiting a right of action on the policies to the twelve months period from the date of the inception of the loss constitutes an absolute bar to Lardas' claim. To hold otherwise, in the factual matrix of this litigation would render meaningless this provision of the contract to which Lardas bound themselves.

In view of the conclusion reached, we need not consider Lardas' other contentions on this appeal.

Judgment affirmed.

Mr. Justice MUSMANNO dissents.

Mr. Chief Justice BELL took no part in the consideration or decision of this case.

---

[4] Speaking only for himself, the writer of this opinion disagrees with the *Terpeluk* decision.