## Lentini v. Northern Insurance Company

*Peter Krehel,* for plaintiff.
*Carl Rice,* for defendant.

MOSER, J., December 26, 1972.—In this action of assumpsit, begun by complaint filed September 13, 1971, Arthur Lentini, d/b/a Archie's Shoe Store (insured) seeks to recover from Northern Insurance Company of New York (insurer) under a special multi-peril policy of insurance, for damages to real estate caused by windstorm and rain. A responsive answer with new matter, denying liability, was filed on behalf of the insurer on October 22, 1971, and plaintiff's reply to the new matter was filed December 9, 1971.

The insurer filed a motion for judgment on the pleadings on September 11, 1972. The basis for the motion is the failure of the insured to comply with the policy provision requiring any suit thereunder to be instituted within 12 months after the occurrence of the loss. Counsel for both parties appeared before

the court on November 21, 1972, and orally argued the legal issues to be decided in this opinion.

The insurance contract provided, inter alia: "Suit. No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss."

As stated in plaintiff's reply to new matter: " . . . it is Plaintiff's position that the time limitation within which there may be a suit on the policy is illegal and void and against public policy." However, our research indicates to us that this contention of plaintiff is without merit. In Lardas v. Underwriters Insurance Co., 426 Pa. 47, 231 A. 2d 740, the court upheld the validity of the exact same provision in the standard fire policies there under consideration: "That such a clause is valid and reasonable has been long recognized: (citing cases). This is not a statute of limitation imposed by law; it is a contractual undertaking between the parties and the limitation on the time for bringing suit is imposed by the parties to the contract. . . ."

In paragraph four of plaintiff's complaint, it is alleged that on April 3, 1970, plaintiff suffered the loss involved in this law suit. However, it appears from an examination of the pleadings that this suit was begun by the filing of plaintiff's complaint on September 3, 1971. Accordingly, it is clear beyond question that the instant action was not instituted "within twelve months next after inception of the loss."

The insured seeks to excuse the breach of this policy provision by contending that the insurer waived the requirement of commencement of a cause of action within 12 months after the inception of the loss, or, at least, is estopped from defending the action upon

the basis of that policy provision. In his argument, the attorney for the insured seeks to invoke a waiver or an estoppel for the reason that the insurer allegedly entered into settlement negotiations with plaintiff following the loss.

In passing upon a motion for judgment on the pleadings, the court may consider only the pleadings themselves and any documents properly attached thereto: Hammermill Paper Co. v. Rust Engineering Co., 430 Pa. 365, 243 A. 2d 389. Although we have carefully examined the entire record as thus constituted, we have been unable to find any reference whatsoever to the alleged negotiations between the parties. Nor does our review of the record indicate that the insurer in any manner misled the insured about the possibility of settlement or in any way induced the insured to refrain from commencing suit. Accordingly, we conclude that the insured has presented no factual basis upon which a finding of waiver or estoppel could be supported: Terpeluk v. Insurance Co. of North America, 189 Pa. Superior Ct. 259, 150 A. 2d 558.

The failure of insured to abide by the contract provision limiting a right of action on the policy to the twelve month period from the date of the inception of the loss constitutes an absolute bar to insured's claim. To hold otherwise in the situation here presented would render meaningless this provision of the contract to which the insured bound himself.

## ORDER

And now, this December 26, 1972, the motion of defendant for judgment on the pleadings in its favor is granted, and judgment is hereby entered in favor of defendant, Northern Insurance Company of New York, and against plaintiff, Arthur Lentini, d/b/a Archie's Shoe Store.