## Boughman v. Travelers Indemnity Company

Before Shughart, P.J., and Weidner, J.

*Edgar B. Bayley, Jr.,* of *Arnold, Slike & Bayley,* for plaintiffs.

*William F. Martson,* of *Marston & Shelbaker,* for defendant.

SHUGHART, P. J., January 22, 1973.—Plaintiffs, Catherine A. Boughman and Mary E. Boughman, instituted this action in assumpsit by filing a complaint on December 28, 1971, against defendant alleging liability of defendant under a homeowners' insurance policy issued by defendant. Plaintiffs seek indemnity for damages to their property allegedly occurring as a result of "explosions" during blasting operations conducted near their house by a telephone company in October and November of 1969.

Defendant filed an answer to the complaint with new matter to which plaintiffs filed a reply. Thereafter, defendant filed a motion for summary judgment which is now before us for decision.

Defendant contends that plaintiffs' action is barred

because it was not instituted within 12 months following inception of the loss as provided by the policy. The damage allegedly occurred in 1969 and suit was not filed until more than two years had passed. Therefore, if the provision limiting actions to one year is valid and applicable, plaintiffs' claim is barred. The legality of clauses in insurance contracts limiting the time in which suits must be commenced to recover on an insurance policy is well established: Fratto v. New Amsterdam Casualty Co., 434 Pa. 136, 140; Lardas v. Underwriters Insurance Co., 426 Pa. 47, 50; Peter S. Turano and John R. Fliss, t/d/b/a Fifth Avenue Pharmacy v. Potomac Insurance Company, 50 Westmoreland 121. Plaintiffs have pointed to nothing in the Insurance Code which would prohibit defendant from including in this policy a provision limiting actions to one year from the inception of the loss. On this basis alone, therefore, the motion for summary judgment is sustainable.

Consideration of the various provisions of the insurance law convinces us that the provision limiting actions in the policy under consideration is specifically authorized.

Defendant is a stock fire insurance company. The homeowners' policy issued by defendant provides both fire and casualty protection as authorized by The Insurance Company Law of May 17, 1921, P. L. 682, art. II, sec. 202, as amended, 40 PS §382(b)(1)(2), (g). Section 506 of the act, 40 PS §636, requires that "fire insurance" policies contain certain mandatory standard policy provisions which include the clause:

"No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, *and unless commenced*

*within twelve months next after inception of the loss."* (Italics supplied.)

The homeowners' policy in question contains the above clause and the other standard provisions stated in section 506.

In regard to when these standard provisions are to be included in an insurance policy, section 506, 40 PS §636, provides:

"1. As used in this section, the term 'fire insurance' shall mean insurance against loss by fire, lightning or removal, as specified in paragraph (1) of subsection (b) of section 202 of this act, as amended, and the term shall not include insurances of the kind specified in any other portion of that section, amended as aforesaid, whether or not the risks of fire, lightning or removal be included.

"2. Except as provided elsewhere in this section, *no insurance company,* association, or exchange *shall issue a policy affording fire insurance, as defined in this section,* on property in this Commonwealth, *unless such policy contains the following provisions."* (Italics supplied.)

We construe this section to mean that the standard policy provisions referred to above, including the one limiting legal actions, are required for any policy providing coverage as described in section 202, paragraph (1), subsection (b) of the act, 40 PS §382(b)(1), which provides:

"Stock fire insurance companies may be incorporated . . . (f)or making insurances—(1) On dwelling houses, stores, and all kinds of buildings, and household furniture and other property,—against loss or damage . . . by . . . explosion, whether fire ensue or not, . . ."

Thus, as the damage to plaintiffs' property allegedly

occurred as a result of explosion, the indemnity sought by plaintiffs falls under the term "fire insurance" as defined in section 506 and is, therefore, subject to the provision requiring actions on the policy to be commenced within 12 months. This provision is included in the body of the policy in question and the amendatory endorsement attached to the policy does not affect it.

We hold as valid the provision in this policy limiting actions to 12 months after inception of the loss and since the action in this case was not filed until more than two years after the loss, the motion for summary judgment must be sustained.

### ORDER OF COURT

And now, January 22, 1973, for the reasons set forth above, defendant's motion for summary judgment is granted and judgment is entered in favor of defendant and against plaintiffs.