Joseph LEONE, Jr.

v.

The AETNA LIFE & CASUALTY CO.

Civ. A. No. 77–4163.

United States District Court,
E. D. Pennsylvania.

March 30, 1978.

David A. Koss, Philadelphia, Pa., for plaintiff.

Robert R. Reeder, Philadelphia, Pa., for defendant.

MEMORANDUM

Van. ARTSDALEN, District Judge.

This is a diversity action in which the assignee of an insurance policy is suing the insurer to collect for damages to the insured premises resulting from a fire which occurred on May 15, 1976. The defendant has filed a motion to dismiss and the following facts as alleged in the complaint will be accepted as true and correct for the purposes of resolving this Rule 12(b)(6) motion. *Cruz v. Beto,* 405 U.S. 319, 322, 92 S.Ct.

1079, 31 L.Ed.2d 263 (1972); *Clark v. Gulf Oil Corporation,* 570 F.2d 1138, 1141 n.1 (3d Cir. 1977).

On April 30, 1976, the defendant issued to the plaintiff's assignor a binder of insurance covering damage resulting from fire, vandalism and/or malicious mischief. This binder covered the premises for the period from April 30, 1976 to June 29, 1976. On May 15, 1976, the premises and contents therein were destroyed by fire resulting in damages in the amount of $128,043.14. Plaintiff's assignor notified the defendant on May 17, 1976 and submitted a full statement of loss and proof thereof on June 22, 1976. The defendant proceeded to investigate the claim and denied coverage on November 30, 1976. Plaintiff instituted this suit in the Court of Common Pleas of Philadelphia County almost one year later, on November 16, 1977 and it was thereafter removed to this court on December 5, 1977.

Defendant argues that on this statement of facts, it has a complete defense in the nature of a statute of limitations defense based on Pa.Stat.Ann. tit. 40 § 636, which provides in pertinent part:

1. As used in this section, the term "fire insurance" shall mean insurance against loss by fire, lightning or removal, as specified in paragraph (1) of subsection (b) of section 202 of this act, as amended, and the term shall not include insurances of the kind specified in any other portion of that section, amended as aforesaid, whether or not the risks of fire, lightning or removal be included.

2. Except as provided elsewhere in this section, no insurance company, association or exchange shall issue a policy affording fire insurance, as defined in this section, on property in this Commonwealth, unless such policy contains the following provisions as to such insurance:

\*      \*      \*      \*      \*      \*

Suit. No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, *and unless commenced within twelve months next after inception of the loss.*

(emphasis supplied). The defendant argues simply that, as provided for by this statute, the policy in question requires that a suit to recover compensation under the policy must be instituted within twelve (12) months of the date of the loss and that the loss here having occurred on May 15, 1976 and the suit not having been filed until approximately eighteen .(18) months later, on November 16, 1977, this provision should be enforced and the action dismissed.[1]

The plaintiff responds to this argument by noting that the binder in question provides coverage for damage resulting from vandalism and malicious mischief as well as fire. As such, he argues that this binder does not come within the definition of "fire insurance" as set forth in Pa.Stat.Ann. tit. 40 § 636(1) and that, therefore, the provisions which are required to be included in a "fire insurance" policy by Pa.Stat.Ann. tit. 40 § 636(2) do not apply to this binder.

Section 636(1), as quoted above, refers to § 202(b)(1) of the Act, Pa.Stat.Ann. tit. 40 § 382(b)(1), as specifying the types of coverage which constitute "fire insurance." That section provides:

(b) Stock fire insurance companies may be incorporated for any or all of the purposes mentioned in paragraphs (1) and (2) of this subdivision; stock marine insurance companies may be incorporated for any or all of the purposes mentioned in paragraphs (2) and (3); and stock fire and marine insurance companies may be incorporated for any or all of the purposes mentioned in paragraphs (1), (2), and (3).

For making insurances—

---

1. Where it appears from the facts of the pleadings that the complaint is time barred, a Rule 12(b)(6) motion is proper. However, where there is a dispute as to when the cause of action accrued or whether the circumstances warrant a tolling of the statute, then the motion should be denied. *Hanna v. United States Veterans Admin. Hosp.,* 514 F.2d 1092 (3d Cir. 1975).

(1) On dwelling houses, stores, and all kinds of buildings, and household furniture and other property,—against loss or damage, including loss of use or occupancy, by fire, smoke, smudge, lightning, and explosion, whether fire ensue or not, and by tornadoes, cyclones, windstorms, earthquakes, hail, frost, sleet, snow, or flood: against loss or damage by water to any goods or premises, arising from the breakage or leakage of sprinklers, pumps, or other apparatus erected for extinguishing fires, and of water pipes; against accidental injury to such sprinklers, pumps, or other apparatus; against loss or damage caused by the caving in of the surface of the earth above coal mines; against perils to property arising from the ownership or maintenance or from the use of aircraft, automobiles, or other motor vehicles; against loss or damage caused by bombardment, invasion, insurrection, riot, civil war, or commotion, and military or usurped power; and against damage to property as specified in this paragraph by any or all risks not herein specifically designated; and to effect reinsurance of any risk provided for in this clause.

Essentially, the plaintiff argues that because this binder includes coverage for perils not specified in Pa.Stat.Ann. tit. 40 § 382(b)(1), it does not constitute "fire insurance" within the meaning of Pa.Stat. Ann., tit. 40 § 636(1), and, therefore, the limitations clause required by Pa.Stat.Ann. tit. 40 § 636(2) to be included in all "fire insurance" policies does not apply.[2] In addition, the plaintiff argues that, even if this provision does apply, the actions of the defendant in not formally denying coverage until November 30, 1976, is sufficient to constitute an implied waiver of this limitations period and to estop the defendant from asserting its protection.

A careful interpretation of the statutory scheme in question, which is not easily deciphered, does not support plaintiff's argument. Even assuming that coverage for vandalism and malicious mischief are not included within the category of insurable perils set forth in § 382(b)(1), it does not necessarily follow that this binder, which clearly provides coverage for fire damage, is not subject to the provisions of § 636(1) and (2). A proper reading of § 636(1) and the reference therein to § 382(b)(1), which essentially prescribes which companies are authorized to issue which types of insurance coverage, is that the state legislature intended that those companies which are authorized to write insurance policies covering the risks enumerated in § 382(b)(1) must do so in accordance with the standard form required in § 636(2).

It is my understanding of this statutory scheme that the provisions of § 636(2), requiring the inclusion, *inter alia,* of this limitation period, applies to "fire insurance" policies issued by those companies authorized to issue such policies as more fully specified in § 382(b)(1). This does not, however, mean as the plaintiff urges that where the "fire insurance" policy includes other coverages, then, it is no longer governed by the requirements of § 636(2). Such an interpre-

---

**2.** Plaintiff supports this argument by noting that Pa.Stat.Ann. tit. 40 § 636(5)(d) specified that:

(d) Binders or other contracts for temporary insurance, including fire insurance, as defined in this section, may be made orally or in writing, *for a period which shall not exceed thirty days,* and shall be deemed to include all the provisions of subsection two of this section and all such applicable endorsements approved by the Insurance Commissioner as may be designated in such contract of temporary insurance, except that the cancellation clause and the clause thereof specifying the hour of the day at which the insurance shall commence may be provided

by the express terms of such contract of temporary insurance.

(emphasis supplied). He argues that because the binder in question provides coverage for a period in excess of thirty days, the parties could not have meant it to be a "fire insurance" binder within the meaning of Pa.Stat.Ann. tit. 40 § 636. It may be that this clause would limit the effective coverage of this binder to a period not in excess of thirty days but it could not affect the determination of whether or not it constitutes "fire insurance" within the statutory definition. In addition, I note that this clause expressly makes the provisions of Pa. Stat.Ann. tit. 40 § 636(2) applicable to binders as well as long term policies.

tation would allow those companies governed by this statute to avoid its requirements simply by including another risk within its coverage.

I hold, therefore, that the twelve (12) month limitation clause specified in § 636(2) applies to the insurance covering the damage to the plaintiff's premises resulting from the fire which occurred on May 15, 1976.

■ Plaintiff's second line of attack argues that the defendant's failure to formally notify him until November 30, 1976, of its decision not to pay the claim constitutes an implied waiver estopping it from asserting this limitations clause as a bar to this action. Under the facts as alleged in the complaint, there is no basis for the tolling of this limitations clause and the defendant's motion to dismiss will be granted as it is admitted that this action was not filed within twelve (12) months of the date on which the fire occurred.

> The law is clear that [this] clause, setting time limits upon the commencement of suits to recover on a policy, is valid and will be sustained.

*General State Authority v. Planet Insurance Co.*, 464 Pa. 162, 346 A.2d 265, 267 (1975) (footnotes omitted) and cases cited therein.

> However, we also recognize that if conduct or action on the part of the insurer is responsible for the insured's failure to comply in time with the conditions set forth, injustice is avoided and adequate relief assured by resort to traditional principles of waiver and estoppel.

*Id.* 346 A.2d at 268.

> In Pennsylvania . . . "the doctrine of implied waiver . . . applies only to situations involving circumstances equivalent to an estoppel, and the person claiming the waiver to prevail must show *that he was misled and prejudiced thereby* . . ." *Brown v. City of Pittsburgh*, 409 Pa. 357, 360–61, 186 A.2d 399, 401 (1962) (emphasis in original) (citations and footnote omitted). *Goodwin v. Hartford Life Insurance Co.*, 491 F.2d 332, 333 n.1 (3d Cir. 1974).

*Schifalacqua v. CNA Insurance*, 567 F.2d 1255, 1258 (3d Cir. 1977).

*Lardas v. Underwriters Ins. Co.*, 426 Pa. 47, 231 A.2d 740 (1967), presents a situation almost analogous to the case *sub judice*. The *Lardas* case involved a fire which occurred on March 4, 1962. Upon being notified of the fire on July 15, 1962, the plaintiff immediately wrote to his fire insurance carrier notifying it of the loss. At the insistence of the fire adjuster the plaintiff executed nonwaiver agreements concerning any possible violation of the terms and conditions of the insurance contracts. Thereafter, settlement negotiations ensued with the company making its final offer of settlement in October, 1962 which the plaintiff rejected in November, 1962. The plaintiff did not institute an action against the insurance company until March 28, 1963, one year, three weeks and three days after the date on which the fire occurred. Judgment was entered in favor of the defendants on the grounds that recovery was barred by the plaintiff's failure to institute suit within the twelve month period required by the standard fire insurance policy which contained the clause specified in § 636(2).

The Pennsylvania Supreme Court held:

> Lardas next contends that the Insurance Companies *waived* the requirement of commencement of a cause of action within twelve months after the inception of the loss or, at least, is estopped from defending the action upon the basis of that policy provision. The record unequivocally reveals that, prior to *any* negotiations between the insurers and the insured, non-waiver agreements were executed by Lardas and such agreements preserved for the companies their rights to defend on the basis of any policy provisions. Furthermore, review of this record indicates that (a) the Insurance Companies did not in any manner mislead Lardas about the possibility of settlement—in fact in November, 1962, the parties broke off all settlement negotiations and (b) the Insurance Companies did not in any manner induce or persuade Lardas to refrain from commencing suit.

Cf. *O'Brien v. Sovereign Camp of the Woodmen of the World*, 122 Pa.Super. 39, 43–45, 184 A. 546 (1936). From early November 1962 to March 28, 1963,—approximately five months—the parties did not have any effective contacts concerning the claims. Lardas has presented no factual basis upon which a finding of waiver or estoppel could be supported.

*Lardas v. Underwriters Ins. Co., supra* 426 Pa. at 52, 231 A.2d at 742.

Although the plaintiff here was not required to execute any nonwaiver agreements, the holding in that case is nonetheless applicable to this case. There is no allegation that the defendant took any action which could have reasonably misled the plaintiff into believing that this limitations clause would not be enforced. Simply because the defendant did not notify the plaintiff of its intention to deny the claim until after it had conducted a full investigation, is an insufficient basis on which to assert an implied waiver or estoppel. The plaintiff had every right to proceed with the initiation of this lawsuit even during the pendency of the defendant's investigation and certainly his failure to do so during the five and one-half (5½) month period between the time he was formally notified of the defendant's refusal to pay and the date on which the twelve month period terminated cannot be excused on the grounds that he was in some way misled by the defendant's actions.

There is no allegation that the defendant expressly waived its rights under this clause, which is fully applicable to this insurance policy, and absent any basis for asserting an implied waiver, it should not be estopped from enjoying its protection. The defendant's motion to dismiss will be granted.