

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-27-2007

# Koert v. GE Grp Life

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4892

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Koert v. GE Grp Life" (2007). *2007 Decisions.* Paper 1565.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1565

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-4892

WENDY L. KOERT,

Appellant

v.

GE GROUP LIFE ASSURANCE COMPANY,
a/k/a GE FINANCIAL ASSURANCE COMPANY,
a/k/a GE FINANCIAL EMPLOYER SECURITIES GROUP

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court No. 04-cv-05745)
District Judge: Honorable Lawrence F. Stengel

Submitted under Third Circuit LAR 34.1(a)
on December 11, 2006

Before: SMITH and ROTH, Circuit Judges.
*IRENAS, District Judge

(Opinion Filed: February 27, 2007)

OPINION

---

*Honorable Joseph E. Irenas, Senior United States District for the District of New Jersey, sitting by designation.

**ROTH**, Circuit Judge:

Wendy Koert brings suit under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.*, to challenge the decision by GE Group Life to terminate her health benefits. She asserts under ERISA a claim for benefits due and claims for breaches of fiduciary duties. The District Court dismissed Koert's claims as time-barred. For the reasons set forth below, we will affirm the decision.

## I. <u>Background and Jurisdiction</u>

In 1991, Koert, a Pennsylvania resident, began receiving long-term disability benefits from a predecessor-in-interest to GE. In a letter dated December 14, 2000, GE notified Koert that it was not satisfied that her condition continued to meet the criteria for benefits and that it would terminate her benefits within thirty days unless she could provide documentation satisfactory to GE. Koert contested GE's determination, but on January 26, 2001, GE informed Koert by letter that it was terminating her benefits. Koert continued to supply GE with medical evidence in an effort to challenge the benefit determination. GE notified Koert, in a letter dated March 20, 2003, that it would not change its determination and that Koert had exhausted the appeal remedy under her policy. On December 7, 2004, Koert filed a complaint in the United States District Court for the Eastern District of Pennsylvania, seeking to recover based on GE's alleged violations of ERISA.

GE moved to dismiss the complaint because the claim for benefits due was time-barred and the claims for breaches of fiduciary duties were legally insufficient. The District Court denied the motion. GE moved for reconsideration, arguing that the District Court had

2

applied the wrong limitation period to the claim for benefits due and that the claims for breaches of fiduciary duties were also time-barred. Upon reconsideration, the District Court dismissed all these claims as time-barred. Koert timely appeals from the order of the District Court.

The District Court had subject matter jurisdiction over this case pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331. We have jurisdiction over this appeal pursuant to 18 U.S.C. § 1291.

## II. Discussion

### A. Claim for Benefits Due

Koert claims that she is entitled to recover her unpaid benefits pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). ERISA does not contain a specific statute of limitations for benefits claims brought under this provision. "As a general rule, when Congress omits a statute of limitations for a federal cause of action, courts 'borrow' the local time limitation most analogous to the case at hand. In the absence of an applicable ERISA limitation, the courts thus apply the statute of limitations for the state claim most analogous to the ERISA claim pursued." *Gluck v. Unisys Corp.*, 960 F.2d 1168, 1179 (3d Cir. 1992) (citations and internal quotation marks omitted). The statutory limitation period most applicable to a claim for benefits due under a plan is that for a breach of contract claim. *See id.* at 1181-82. The statute of limitations for a breach of contract claim in Pennsylvania is four years. 42 PA. CONS. STAT. § 5525(8). Parties may, however, contract for a shorter limitation period, so long as the contractual period is not manifestly unreasonable. *See*

3

*Lardas v. Underwriters Ins. Co.*, 231 A.2d 740, 741-42 (Pa. 1967); *Hosp. Support Servs., Ltd. v. Kemper Group, Inc.*, 889 F.2d 1311 (3d Cir. 1989).

As the District Court properly recognized, the insurance policy specified that a shorter, three-year limitation period would apply. According to the policy:

> For 60 days after the written Proof of claim as required by us has been filed, no legal or equitable action may be brought against us for that claim. No action at all may be brought against us after 3 years from the date on which written Proof of claim is required.

Thus, the contractual limitation period is three years, not four. Koert insists that despite this language, the applicable limitation period is the statutory one. She directs us to language in the policy which specifies that "[t]he time limits for . . . filing legal action will be changed to comply with the minimum requirements of any applicable law." Were Pennsylvania's statutory limitation period a "minimum requirement" beneath which parties could not contract, then Koert would be correct that the applicable limitation period would be four years. It is not. Pennsylvania law allows parties to contract for limitation periods shorter than those specified by statute, and a three year period is certainly reasonable. Therefore, the statutory period is not a minimum requirement, and the policy's shorter limitation period is applicable.

In applying the policy's limitation period, it is necessary to determine the date on which the clock began to run. Koert argues that the policy is materially ambiguous as to this point, and that the ambiguous language should be construed in her favor. We agree with the

4

District Court's determination that the policy's language is unambiguous and the limitation period began running more than three years before Koert filed her complaint. Consequently, her complaint was untimely.

Koert argues that even if her complaint was untimely, she may proceed with her suit because GE waived the contractual limitation period. She contends that GE has acted in a manner that was procedurally irregular, biased, and unfair, and that under ERISA regulations and *Epright v. Envnl. Res. Mgmt., Inc. Health & Welfare Plan*, 81 F.3d 335 (3d Cir. 1996), these defects preclude GE from relying upon the contractual limitation period. In *Epright*, we held that "[w]hen a letter terminating or denying Plan benefits does not explain the proper steps for pursuing review of the termination or denial, the Plan's time bar for such a review is not triggered." 81 F.3d at 342. *Epright* involved the failure by an ERISA-regulated plan to notify a beneficiary whose claim had been denied of the Plan's own review procedures. That defect is not present in this case because GE provided Koert with the information necessary to appeal the determination.

Neither did GE fail to provide other required information in its correspondence with Koert. It is true that under 29 C.F.R. § 2560.503-1(g)(iv), a notification of an adverse benefit determination must state that a claimant has a right to bring civil suit under § 502(a), and that GE did not so notify Koert. But this regulation applies only to claims filed on or after January 1, 2002. 29 C.F.R. § 2560.503-1(o)(1). Koert filed her claim—and GE made its adverse determination—well before this date. The regulation does not apply.

Finally, the other procedural irregularities of which Koert complains do not invalidate

5

the contractual limitation period. Koert alleges, in essence, that GE's review of her claim was not duly thorough; she does not allege that GE failed to comply with the requirements of her policy. As such, we find no procedural irregularity which would excuse Koert's delay.

## B. Claims for Breaches of Fiduciary Duties

Koert also claims that she is entitled to recover for breaches of fiduciary duties pursuant to ERISA §§ 404(a)(1)(A), 502(a)(3), 409, and 503. ERISA expressly provides a limitation period for claims of breach of fiduciary duty. Under 29 U.S.C. § 1113, a claimant must bring a claim for breach of fiduciary duty by the earlier of (a) six years from the date of breach or violation, or (b) three years "after the earliest date on which the plaintiff had actual knowledge of the breach or violation." The District Court determined, upon reconsideration, that the three-year limitation period started running on the date that Koert's benefits ended and consequently elapsed.[1] We agree.

A plaintiff has actual knowledge of the breach or violation when that plaintiff has actual knowledge of all material facts necessary to understand that some claim exists. *Montrose Med. Group v. Bulgar*, 243 F.3d 773, 787 (3d Cir. 2001); *Gluck*, 960 F.2d at 1177. Moreover, the plaintiff must be aware that an actual claim under ERISA exists. *Montrose*, 243 F.3d at 773. We do not, however, require that the plaintiff meet with a lawyer or

---

[1]Koert argues that because GE first argued that the breach of fiduciary duty claims were time-barred in its motion for reconsideration, the District Court was wrong to entertain the argument. The decision of whether to grant a motion for reconsideration is within the discretion of the District Court. *See Le v. Univ. of Pa.*, 321 F.3d 403, 405-06 (3d Cir. 2003). The District Court acted within its discretion in considering what was a legally correct argument.

otherwise develop a comprehensive understanding of his or her rights under ERISA before the three-year limitation period can begin to run. *See id.* (quoting *Gluck*, 960 F.2d at 1177). Koert alleges breaches of fiduciary duties based on the wrongful denial of her claim, as well as the manner in which she was notified of the denial. We readily conclude that Koert became aware of these facts at the time she was notified that her claim had been denied. When a fiduciary makes an outright repudiation of its obligation to pay its beneficiary, as GE did in this case, "it is reasonable to expect that the statute of limitations began to run at that point." *Henglein v. Colt Indus. Operating Corp.*, 260 F.3d 201, 214 (3d Cir. 2001). Finally, Koert's actual knowledge of her ability to file a claim is established conclusively by her statement in May 2001 that "I do not wish to file any lawsuit . . .. " As such, the three-year period has run and Koert's claims are time-barred.

## III. Conclusion

For the foregoing reasons, we will affirm the judgment of the District Court.