NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1589
_____

FRANK ROY,
                                        Appellant

v.

TRAVELERS INSURANCE
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-13-cv-05143)
District Judge:  Honorable Renee M. Bumb

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 3, 2014

Before:  FISHER, VANASKIE and GARTH, Circuit Judges

(Opinion filed: September 8, 2014)
_____

OPINION
_____

PER CURIAM

       Pro se litigant Frank Roy, proceeding in forma pauperis, appeals the District

Court's order granting the motion to dismiss his second amended complaint.  For the

reasons set forth below, we will affirm the District Court's judgment.

Roy maintained a tenant insurance policy with Travelers Insurance that covered the period from July 7, 2010, through July 7, 2011. Roy claimed that on July 30, 2010, a taxi driver left the Crowne Plaza Hotel in Philadelphia with $20,000 worth of Roy's luggage and clothing in the back of the car. Roy said that he reported the theft to the Philadelphia Police Department and to Travelers, but that Travelers refused to pay the claim. Roy also alleged that approximately two months later, in September 2010, his apartment in King of Prussia was burglarized and $65,000 worth of his property was stolen. He reported the loss to Travelers, but they once again denied the claim.

Roy filed this action against Travelers in the District of New Jersey on August 27, 2013, arguing that Travelers had breached the contract by refusing to pay the two claims. Travelers moved to dismiss the complaint as untimely under the limitation period that was set forth in Roy's insurance contract. The District Court granted that motion with prejudice, and Roy filed a timely notice of appeal.[1]

At the outset, we note that the parties appear to dispute which state's law applies. Roy points to Pennsylvania statutes to support his appeal, while Travelers cites to New Jersey law in its brief. A choice-of-law analysis is unnecessary, however, as the complaint fails under either state's law.

---

[1] We have jurisdiction under 28 U.S.C. § 1291 and exercise a plenary standard of review over the District Court's grant of the motion to dismiss. See Connelly v. Steel Valley Sch. Dist., 706 F.3d 209, 212 (3d Cir. 2013).

A clause in Roy's insurance contract with Travelers, entitled "Suits Against Us,"[2] states that Roy could not bring an action against Travelers unless he initiated that action within two years after the date of loss.[3] Roy's suit is clearly untimely as it was filed in August 2013, more than two years after both the July 2010 loss and the September 2010 loss. But Roy argues that the time limitations established in the Pennsylvania statutes — 42 Pa. Cons. Stat. Ann. § 5525 (for contracts) and § 5527 (a catch-all provision) — should control instead, and these sections provide a plaintiff four years and six years, respectively, in which to file suit. This argument is unavailing, because the very same chapter also provides that shorter limits are enforceable if they are reasonable and prescribed by written agreement. See 42 Pa. Cons. Stat. Ann. § 5501 ("An action . . . must be commenced within the time specified in or pursuant to this chapter unless . . . a shorter time which is not manifestly unreasonable is prescribed by written agreement."). The two-year time period in question was indeed prescribed by written agreement, and the Pennsylvania Supreme Court has held that an even shorter one-year limitation period is reasonable in this context. See Lardas v. Underwriters Ins. Co., 231 A.2d 740, 741-43

---

[2] The relevant language is located in Section I – Property Coverages – Conditions – Paragraph 9. See Supp. App'x at 68.

[3] Roy was on notice of the contents of this insurance policy, and indeed relied on it as the basis of his complaint. The District Court could then consider the contents of the policy, which was attached to Travelers' motion to dismiss, without converting the motion to one for summary judgment. See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196-97 (3d Cir. 1993).

3

(Pa. 1967). Accordingly, the two-year time limitation in the contract is valid, and Roy's suit is barred under Pennsylvania law.[4] See id.; 42 Pa. Cons. Stat. Ann. § 5501.

The analysis under New Jersey law yields the same result. "Although the statutory limitation in [New Jersey] for actions in contract is six years, . . . such a limitation may be waived by express agreement of the parties." A.J. Tenwood Assocs. v. Orange Senior Citizens Hous. Co., 491 A.2d 1280, 1284 (N.J. Super. Ct. App. Div. 1985). A contractual stipulation limiting the time for suit will be upheld if it is reasonable, see id., and the New Jersey Supreme Court "has routinely upheld contract provisions that create a one-year time limitation in which claimants may bring suit." Eagle Fire Prot. Corp. v. First Indem. of Am. Ins. Co., 678 A.2d 699, 704 (N.J. 1996). The more-generous two-year limitation in this insurance contract is therefore valid, and Roy's suit is barred under New Jersey law.

Accordingly, we will affirm the District Court's order granting the motion to dismiss with prejudice. Appellee's motion to submit a supplemental appendix is granted. The motion to strike Appellee's brief is denied because contrary to Appellant's assertion, Appellee did properly serve its brief.

---

[4] Roy has not stated a tolling claim with respect to this limitation period, and any such argument at this stage would thus be waived. See DIRECTV Inc. v. Seijas, 508 F.3d 123, 125 n.1 (3d Cir. 2007).