Assumpsit.
The facts are stated in the opinion of the court below by PARRY, J., as follows:
Affidavit of defense raising questions of law.
The Statement of Claim sets forth, inter alia, that, on October 5, 1936, the plaintiff made a claim on the defendant for disability resulting from accidental injury and that on March 11, 1937, defendant paid her the sum of $69. That in July, 1938, she searched for but was unable to find her policy of insurance and that her attorney *Page 347 
has since been informed by counsel for the defendant that the policy is in possession of the defendant company. That the plaintiff did not deliver or authorize anyone to deliver this policy to the defendant and it acquired possession of it by some means unknown to her.
She thereafter obtained a copy of the policy upon which contract she brought suit on May 27, 1941, to recover additional sums claimed to be due thereunder.
The policy provides, inter alia, that: "no action at law or in equity shall be brought to recover on this contract prior to the expiration of sixty days after proof of loss has been filed in accordance with the requirements of this contract, nor shall such action be brought at all unless brought within two years from the expiration of the time within which proof of loss is required by the contract."
Since there can be no doubt that the plaintiff has not complied with this condition, the defendant contends that the action is barred as not brought within the time stipulated. We think this contention must prevail for it does not follow, as urged on behalf of the plaintiff, that the circumstances compel the inference that the insurance company acquired the policy by improper means and so should be compelled to account for its possession. Neither does it appear that the case comes within the rule that a suit may be founded upon the principle that the prevention by a party to a contract, of performances by the other party, constituted an actionable breach.
The accident occurred on October 3, 1936. Although the plaintiff made a claim within a few days she could have taken ninety days in which to do so and the two year period of limitation for bringing an action did not begin to run until January 3, 1937. Her right to sue defendant did not expire until January 3, 1939, and for seven months prior thereto she had known that her policy had disappeared and was as well able to obtain *Page 348 
a copy of it or assert any right she may have had under it as she was in 1941.
The cases relied on by the plaintiff do not present the same circumstances and we think are inapplicable to the case at bar. There is nothing in the record before us to suggest that the defendant company's representatives did intend to lull the plaintiff into a sense of security or in fact made any representations to her of any kind.
The questions of law raised by the Affidavit of Defense are decided in favor of the defendant and against the plaintiff and judgment is hereby entered for the defendant.
Plaintiff appealed.
The judgment entered in the court below is affirmed on the opinion of Judge PARRY.