Ercole, Appellant, *v.* Metropolitan Life
Insurance Company.

Argued April 21, 1944. Before KELLER, P. J., BALD-
RIGE, RHODES, HIRT and RENO, JJ. (KENWORTHEY and
JAMES, JJ., absent).

*Samuel J. Goldstein,* for appellant.

*D. C. Jennings,* for appellee.

OPINION BY BALDRIGE, J., September 27, 1944:

The plaintiff, an employe of Jones and Laughlin Steel Corporation, insured under a group life insurance policy issued by the Metropolitan Life Insurance Company, brought this action to recover benefits alleging he has been totally and permanently disabled since May 17, 1938. He was employed by the company from September 28, 1929, to May 17, 1938, when he was laid off due to a lack of work. It is not disputed that his name remained on the roll of Jones and Laughlin's employes and that he was insured until November 26, 1938, when his employment was terminated. There appeared on his employment card the notation as of that date "Dismissed—No work—bad heart." The first notice the company received of any claim for total and permanent disability was contained in a letter written by plaintiff's counsel on January 26, 1942. The company made an investigation and wrote several letters to plaintiff's attorney to which reference will be made later.

Binding instructions were given at the trial on the ground that under the provisions of the master policy and the law applicable thereto, the plaintiff was barred from maintaining the suit as no notice or proof of disability was given the company until the expiration of three years and eight months and suit was not brought until October 5, 1942, four years and five months from the time the alleged disability commenced. Following the refusal of motions filed by the plaintiff for judgment n. o. v. and for a new trial, judgment was entered for the defendant.

The master policy contains no definite limitation respecting the time for filing notice and proof of claim in cases of "total and permanent disability." Section 14 requires immediate notice of "sickness" or "injury" be given to the company and proof of such "sickness" or "injury" to be furnished within thirty days after such notice; that no action at law shall be brought for the recovery of benefits for permanent disability "unless brought within two (2) years from the expiration of the time within which such proof is required to be filed."

Appellant asserts that the immediate notice and the proof of sickness or injury to be furnished within thirty days refers to claims for temporary disability only. We do not give that interpretation to those words. In our judgment they include claims for total, as well as temporary, disability. Total and permanent disability is the result of either sickness or injury. If appellant is correct there is no express provision in the policy limiting the time for filing notice and furnishing proofs of disability. Such a situation was never contemplated by the parties. Those preliminary steps or conditions precedent are uniformly required before a claim for benefits is recognized as valid: *Perlman v. N. Y. Life Ins. Co.*, 105 Pa. Superior Ct. 413, 416, 161 A. 752; *Lyford v. New England Mutual Life Ins. Co.*, 122 Pa. Superior Ct. 16, 22, 184 A. 469; *Buntz v. General American Life Ins. Co.*, 136 Pa. Superior Ct. 284, 290, 7 A. 2d 93.

Limitations within which the bringing of an action on a policy of insurance have been sustained as valid and reasonable though they shorten the statutory period otherwise applicable: *O'Connor v. Allemannia Fire Ins. Co.*, 128 Pa. Superior Ct. 336, 342, 194 A. 217 (fire insurance); *Ferguson v. Manufacturers' Casualty Ins. Co. of Phila.*, 129 Pa. Superior Ct. 276, 281, 195 A. 661 (automobile casualty insurance): *Tellip et al. v. Home*

*Life Ins. Co.,* 152 Pa. Superior Ct. 147, 31 A. 2d 364 (life insurance, two year limitation). In *Bahas v. Equitable Life Assurance Society,* 128 Pa. Superior Ct. 167, 171, 193 A. 344 (affirmed in 331 Pa. 164, 200 A. 91) the group policy and the certificate specifically required proof of total and permanent disability "before the expiration of one year from the date of its commencement." No such proof was given until eighteen months after the disability began. We held the period of one year was a reasonable and valid limitation, and a recovery was denied.

The appellant asserts that he is not bound by the limitation of two years set forth in the master policy, since neither the certificate nor the pamphlet given him when insurance was obtained, made mention of any such limitation. The policy contract undoubtedly includes not only the group or master policy but the certificate of insurance issued to the employe as it alone names the beneficiary and the amount of his insurance (*Ozanich v. Metropolitan Life Ins. Co.,* 119 Pa. Superior Ct. 52, 56, 180 A. 67), but the group policy is the principal contract: Couch, Cyclopedia of Ins. Law, Vol. 1, §164, supplement.

The plaintiff in his statement of claim avers that he bases his right of recovery not only on the certificate but on the group policy. The certificate states it is issued "under and subject to the terms and conditions of the group policy." The insured was thus notified that his certificate does not include all the covenants of the contract. If he had desired further knowledge of the provisions of the master policy he could have readily acquired it by making inquiry: *Lewis v. Connecticut Gen. Life Ins. Co.,* (Texas) 94 S. W. 2d 499, 502. The position of an owner of a certificate issued under a group policy is similar to that of a holder of a bond, which recites that it and other bonds are issued under a mortgage and refer to it for the terms

and conditions upon which the bond is issued: Cf. *Rittenhouse v. Lukens Steel Co.;* 116 Pa. Superior Ct. 303, 176 A. 543. It is apparent that the plaintiff was in fact familiar with the terms of his contract as admittedly on four previous occasions he had made claims for temporary disability, filed proofs and had been paid benefits. No sound reason has been advanced to warrant a conclusion that the limitation in a master policy as to the bringing of suit, although not set out in the certificate, is not binding.

Our decision in this case, however, need not rest on the point we have just been considering. If we assume appellant is correct in his contention that the insurance contract is silent respecting notice and proof of claim for total and permanent disability benefits then under a well recognized rule applicable to group life policies notice and proofs of claim must be furnished in a *reasonable* time: *Springfield Fire & Marine Ins. Co. v. Brown,* 128 Pa. 392, 395, 18 A. 396; *Curran v. Natl. Life Ins. Co. of U. S. A.,* 251 Pa. 420, 431, 96 A. 1041; *Unvergzagt v. Prestera et al.,* 339 Pa. 141, 144, 13 A. 2d 46; *Gerber v. Fletcher et al.,* 108 Pa. Superior Ct. 226, 229, 164 A. 135. Where no time is fixed, and there are no disputed facts, the question of reasonable time is one of law for the court: *Milam v. Equitable Life Assur. Soc. of U. S.,* (W. Va.) 183 S. E. 865; *Metropolitan Life Ins. Co. v. Johnson,* (Ind.) 12 N. E. 2d 755, 757 (delay of three years held unreasonable); *Metropolitan Life Ins. Co. v. Henry,* (Ind.) 24 N. E. 2d 918, 920, (delay of six and one-half years); *Lewis v. Connecticut General Life Ins. Co.,* supra, p. 503, (delay of over five years); *Connecticut General Life Ins. Co. v. Warner,* 94 S. W. 2d, 514 (three years, nineteen days); *Fulton v. Metropolitan Life Ins. Co.,* (N. C.) 186 S. E. 486, 487, (one year, seventeen days); *Prudential Ins. Co. of America v. Falls,* (Tenn.) 87 S. W. 2d 567, (two years, eight months.)

The plaintiff predicated his claim mainly on the company's waiving the defense of limitation of time. It appears that after the company had furnished forms requested by plaintiff's counsel and a claim had been made it notified counsel a month later that arrangements were made to have a medical examination of plaintiff. That was done. The appellant argues that the company by its actions lulled him into a false sense of security citing *Stonsz v. Equitable Life Assurance Society,* 324 Pa. 97, 187 A. 403, and *Sudnick v. Home Friendly Ins. Co. of Maryland,* 149 Pa. Superior Ct. 145, 27 A. 2d 468. These cases recognize the well established principle that the company may waive, or at least extend, a limitation clause for the bringing of suit, by its negotiations for settlement with insured after the limitation period has expired, where the effect of such negotiations is to lead insured to believe the limitation period will not be relied upon. No such waiver can be implied in the present case as there is nothing in the letters written to plaintiff's counsel to show that plaintiff was lulled into a false sense of security or that defendant estopped itself from denying liability under the limitation clause or of relying on any other defense it saw fit to raise: *Faulks v. Unity Life and Accident Ins. Assn. of Syracuse,* 346 Pa. 346, 30 A. 2d 121; *Prudential Ins. Co. v. Falls,* (Tenn.) 87 S. W. 2d 567. In each of the several letters written relating to these matters the company was careful to state in substance that its action was "without waiver of, or prejudice to, such rights and defenses that the company may have in the event of litigation even though such rights and defenses are not set forth herein." This was an explicit notice that the negotiations being conducted would not constitute a waiver of any defenses it might have.

No facts appear which relieve plaintiff from bringing suit within the period stipulated by the contract, or at

least within a reasonable time. Cf. *Tellip et al. v. Home Life Ins. Co. of America,* supra. p. 152.

The judgment of the lower court is affirmed.