399 A.2d 714

**Ronald BROOKS, T/A Ronald's Fabrics, Appellant,**

v.

**ST. PAUL INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued June 19, 1978.

Decided March 9, 1979.

Alvin M. Chanin, Philadelphia, for appellant.

Jonathan Wheeler, Philadelphia, for appellee.

Before JACOBS, President Judge, and HOFFMAN, CER-CONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

VAN der VOORT, Judge:

This is an action in assumpsit against plaintiff's insurer for losses to plaintiff occurring on August 4th or 5th, 1974. The policy was dated in July, 1974, but admittedly not

delivered to plaintiff until October or November 1974. The loss was reported to the defendant very promptly after it occurred, but suit was not filed until August 8, 1975, more than one year after the loss. The parties admit that the policy provides that any action against defendant must be commenced within twelve months of the date of loss; but plaintiff contends nevertheless that this provision of the policy does not apply to this case because:

1. The policy was not delivered to plaintiff until October or November 1974;

2. The defendant's agent, one Rowland, advised plaintiff he was covered for the loss; and

3. Defendant did not deny the claim until January 29, 1975.[1]

The above stated circumstances were reasonably established through the pleadings and depositions of plaintiff and the agent Rowland. Defendant filed a motion for summary judgment which the lower court granted. In her opinion, Judge Forer stated that she was "bound by precedent [*Lardas v. Underwriters Insurance Co.*, 426 Pa. 47, 231 A.2d 740 (1967)], and therefore obliged to enter summary judgment in favor of defendant."

It may be that the eventual result in this case will be in favor of defendant, but we must reverse and remand. We believe that the record is not so clear and undisputed as to permit entry of summary judgment as a matter of law until all testimony has been received and evaluated.

For whatever reason, and the present record does not demonstrate the reason, the plaintiff did not receive the policy until October or November of 1974. In the meanwhile, as he contends, he was assured by the agent Rowland that he was "covered" by his insurance. The claim was not formally denied until January 29, 1975, on the ground that the loss resulted from burglary, which was beyond the coverage of the policy.

1. The substantive basis for the denial is that plaintiff's loss resulted from burglary which does not come within the policy coverage. This issue has not yet been resolved.

Various legal precedents have established the principle that the one year contractual limitation is enforceable, *Satchell v. Insurance Placement Facility of Pennsylvania*, 241 Pa.Super. 287, 361 A.2d 375 (1976); *Ercole v. Metropolitan Life Insurance Co.*, 155 Pa.Super. 549, 39 A.2d 293 (1944); but that it may be avoided, waived, suspended, or what not, if the insurance company does things which induce the insured to delay filing suit, *Terpeluk v. I. N. A.*, 189 Pa.Super. 259, 263, 150 A.2d 558 (1959); *Commonwealth v. Transamerica Insurance Co.*, 462 Pa. 268, 341 A.2d 74 (1975).

Whether the circumstances of this case constitute a waiver avoidance or suspension of the one year contractual provision of the policy should be determined initially by the fact-finder and the court when all relevant testimony has been presented.

In the *Lardas* case, *supra*, it may be noted, it was only *after* a trial without a jury that there was a determination that the insurance companies had not mislead plaintiff, or induced him to refrain from filing suit.

In the case of *Terpeluk v. I. N. A.*, 189 Pa.Super. 259, 150 A.2d 558 (1959), on which plaintiff so strongly relies, the issue of waiver or extension was submitted to a jury which found for plaintiff. The Superior Court commented (189 Pa.Super. page 265, 150 A.2d page 561):

> ". . . we agree with the court below that the factual situation . . . required the submission of this controlling issue to the jury."

See also *Diamon v. Penn Mutual Fire Insurance Co.*, 247 Pa.Super. 534, 372 A.2d 1218 (1977).

The judgment of the lower court is reversed and the case remanded for further proceedings consistent with this Opinion.

SPAETH, J., files a dissenting opinion in which PRICE, J., joins.

JACOBS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision in this case.

SPAETH, Judge, dissenting:

This appeal arose from an action in assumpsit brought by the insured against his insurer for damages to one of the insured's business establishments. The lower court granted summary judgment for the insurer on the ground that the insured had not filed suit within one year of the date of loss as required by the insurance policy. The majority reverses. I believe we should affirm.

"[Summary] judgment sought shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Pa.R.Civ.Pro., No. 1035. Here the lower court held that there was no genuine issue of material fact and that the insurer was entitled to judgment as a matter of law. Accepting as true all the insured's well pleaded facts, *see First Pennsylvania Bank v. Triester*, 251 Pa.Super. 372, 380 A.2d 826 (1977), it is clear that the lower court was correct in its decision.

The facts are as follows: On July 26, 1974, the insured opened a fabric store on Germantown Avenue in Philadelphia. Before opening the store, he had been the owner and operator of a store at 40th and Chestnut Streets in Philadelphia. Since 1966 he had purchased insurance from Oliver H. Rowland, a licensed insurance agent, who represented the insurer in this case. Before he received the policy the insured was informed by Mr. Rowland that his Germantown Avenue store was covered by insurance and that he could open for business. The store was opened on July 26, 1974. Within a day or two after the store opened, on July 27 or 28, the insured suffered water damage caused by a hole in the roof of the building. He called Mr. Rowland, who informed him that he was covered. The insured did not have his policy at this time, and did not receive it until October or November—more than three months after he had suffered the loss. On January 29, 1975, the insurer informed the insured that it was denying coverage under the policy. On

August 14, 1975, the insured instituted the present action in assumpsit on the policy.

It is undisputed that there is no genuine issue of a material nature with respect to the fact that the suit was filed more than one year after the loss. While admitting that the claim was untimely under the policy, the insured maintains that the insurer waived or suspended the one year contractual limitation. This issue was before the lower court in the context of the motion for summary judgment, and the court, rejecting arguments of waiver and estoppel, held that the insured's claim was barred as untimely under the policy.

The insured's argument on this appeal is that this holding was error because the question of whether the insurer's actions had caused a waiver or suspension of the one year limitation was a question of fact for the jury to decide. In support of this contention he relies on *Terpeluk v. I. N. A.*, 189 Pa.Super. 259, 150 A.2d 558 (1959), where this court stated: ". . . we agree with the court below that the factual situation . . . required the submission of this controlling issue to the jury." *Id.*, 189 Pa.Super. at 265, 150 A.2d at 561.

I do not read this statement from *Terpeluk* as controlling authority for the proposition that the issue of waiver, suspension, or estoppel is a question of fact for the jury to decide. In *Lardas v. Underwriters Insurance Co.*, 426 Pa. 47, 231 A.2d 740 (1967), the Supreme Court stated that *Terpeluk* was not controlling authority. More recently, in *Commonwealth v. Transamerica Ins. Co.*, 462 Pa. 268, 341 A.2d 74 (1975), the Supreme Court held that the issue of whether the insurer had waived, suspended, or was estopped from asserting, the policy limitation was properly decided on a motion for summary judgment. *Id.*, 462 Pa. at 273, 341 A.2d at 76. From the Supreme Court's rejection of *Terpeluk* in *Lardas* and its holding in *Transamerica Ins. Co.*, it is clear that the question of waiver or estoppel is one of law to be decided by the court.

Since it must be held that the lower court properly treated the issue as a matter of law, the only question remaining on this appeal is whether the lower court's decision on the merits of the waiver issue was proper.

In *Lardas* the Supreme Court held that the one year policy limitation applied to bar the insured's action even though the insured did not know of the loss until some four months after it occurred, and even though the parties had not broken off negotiations until some eight months after the loss. Said the Court:

Lardas would excuse the breach of this policy provision in several ways. First, that Lardas' failure to commence suit within twelve months from date of the loss was not a breach of the insurance policy because the one year period began to run *when the insured had knowledge of the loss.* The fire occurred March 4, 1962. Lardas had knowledge of the fire on July 15, 1962, and commenced his suit on the insurance policies on March 28, 1963, or more than one year after the occurrence of the loss and eight months after knowledge of said loss. Certainly, Lardas had adequate opportunity and time to commence a lawsuit after he gained knowledge of the loss and prior to the policy limitation of "twelve months next after inception of the loss". Such language as to the time limitation is too plain and unequivocal to be subject to any ambiguity or misunderstanding. The period of twelve months, in fact the period of eight months, was not an unreasonable length of time in which to require the commencement of an action and " * * * it is lawful for the parties so to contract and such a provision is binding on them [citing authorities]." *Abolin v. Farmers American Mutual Fire Insurance Company,* 100 Pa.Super. 433, 435 (1930). Lardas violated this requirement of the policies and such violation is sufficient to bar his claim. See: *Abolin,* supra, 100 Pa.Super. pp. 435–436; *Faulks v. Unity Life and Accident Insurance Association,* 346 Pa. 346, 347, 30 A.2d 121 (1943). See also: *Sager Glove Corporation v. Aetna Insurance Co.,* 317 F.2d 439 (C.A.7) (1963). Neither *O'Brien v. Sovereign*

*Camp [of Woodmen of the World] etc.*, 122 Pa.Super.Ct. 39, 184 A. 546 (1936) nor *Thomas Holme Bldg. & Loan Association v. New Amsterdam Casualty Co.*, 124 Pa.Super.Ct. 187, 188 A. 374 (1936), upon which Lardas relies, are apposite to the case at bar.

Lardas next contends that the Insurance Companies *waived* the requirement of commencement of a cause of action within twelve months after the inception of the loss or, at least, is estopped from defending the action upon the basis of that policy provision. The record unequivocally reveals that, prior to *any* negotiations between the insurers and the insured, non-waiver agreements were executed by Lardas and such agreements preserved for the companies their rights to defend on the basis of any policy provisions. Furthermore, review of this record indicates that (a) the Insurance Companies did not in any manner mislead Lardas about the possibility of settlement—in fact in November, 1962, the parties broke off all settlement negotiations and (b) the Insurance Companies did not in any manner induce or persuade Lardas to refrain from commencing suit. Cf. *O'Brien v. Sovereign Camp of the Woodmen of the World*, 122 Pa.Super. 39, 43–45, 184 A. 546 (1936). From early November 1962 to March 28, 1963,—approximately five months—the parties did not have any effective contacts concerning the claims. Lardas has presented no factual basis upon which a finding of waiver or estoppel could be supported.

*Lardas v. Underwriters Ins. Co., supra*, 426 Pa. at 51–52, 231 A.2d at 742.

The insured in this case, like the insured in *Lardas*, had a reasonable period of time before the running of the one year policy provision during which to file his claim. At any time during a six month period—from January 29, when the claim was unequivocally rejected, until July 27, when the one year limitation expired—the insured could have filed his action in assumpsit on the policy. His failure to do so cannot be traced to any act on the part of the insurer. While it is true that we have held insurers to high standards

of fairness in their dealings with their insureds, *see Diamon v. Penn Mutual Fire Ins. Co.*, 247 Pa.Super. 534, 372 A.2d 1218 (1977); *see also D'Ambrosio v. Pennsylvania Nat. Mutual Cas. Ins. Co.*, 262 Pa.Super. 331, 396 A.2d 780 (1978) (opinion in support of reversal by SPAETH, J.), we have also held that contractual provisions limiting the time to bring an action under the policy are valid and will be enforced unless the insurer acts in such a way as to prevent the insured from filing the action. *See Lardas v. Underwriters Ins. Co., supra.* In this case I cannot find that the insurer did anything to prevent the insured from filing his claim within a year from the date of loss.

Accordingly, I should affirm.

PRICE, J., joins in this dissenting opinion.