**Fabio PINI and Patricia Pini**

v.

**ALLSTATE INSURANCE CO. and State Farm Fire & Casualty Co.**

Civ. A. No. 80–2872.

United States District Court, E. D. Pennsylvania.

Oct. 3, 1980.

---

Kent D. Mikus, Lancaster, Pa., for plaintiffs.

James J. McEldrew, Philadelphia, Pa., for Allstate.

David R. Strawbridge, Philadelphia, Pa., for State Farm.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

A familiar pattern of events, beginning with destruction of property by fire, followed by a demand for payment by the insured and denial thereof by the insurer, and culminating with institution of legal action to compel payment, fully describes the instant litigation. Defendants, claiming that plaintiffs failed to institute suit within the time period prescribed by the insurance contracts[1] and Pennsylvania law,[2] move to dismiss the complaint for failure to state a claim upon which relief can be granted. The relevant inquiry focuses upon whether an insurer who denies an insured's claim, irrespective of good or bad faith, with sufficient time remaining for the insured to comply with a one–year limitation for instituting suit has waived, expressly or impliedly, enforcement of this provision.

Pennsylvania courts acknowledge the validity and "binding nature" of such clauses. *General State Authority v. Planet Insurance Co.*, 464 Pa. 162, 168, 346 A.2d 265 (1975).[3] The insured's failure to adhere to policy conditions constitutes an "absolute bar" to suit unless the insurer waives its right to rely thereon or its conduct estops it from doing so. *Lardas v. Underwriters Insurance Co.*, 426 Pa. 47, 52–53, 231 A.2d 740 (1967). Where the insurer affirmatively misleads the insured about the possibility of settlement, dissuades him from filing suit or induces him to believe that it will not enforce the limitations period, courts construe this conduct as violative of the insurer's duty of "utmost good faith and fair dealing". *Leone v. Aetna Casualty & Surety Co.*, 599 F.2d 566, 569 (3d Cir. 1979). To prevent the insurer from profiting from its own misbehavior, courts do not interpret the clause strictly. *General State Authority v. Planet Insurance Co., supra, Lardas v. Underwriters Insurance Co., supra.* Importantly, the insured must be given an opportunity to establish a fact question on this issue. *Leone v. Aetna Casualty & Surety Co., supra.*

In the case at bar plaintiff adduces no *question* of fact. The parties agree that plaintiffs promptly notified defendants of the loss, which occurred in April 1979. Five months later Allstate rejected plaintiffs' proof of loss for the stated reason that "the amount of the Proof is excessive of the actual loss and is not supported by documentation". In November 1979 counsel for

---

1. The Allstate contract reads:

 No suit or action may be brought against us unless there has been full compliance with all the terms of this policy. Any suit or action must be brought within one year after the loss.

 The State Farm contract reads:

 No action shall be brought unless there has been compliance with the policy provisions and the action is started within one year after the occurrence causing loss or damage.

2. *See* 40 P.S. § 636(2).

3. Sitting in diversity, this Court looks to decisions of the state's highest, not intermediate, appellate tribunal for authoritative pronouncements of state law. *National Surety Corp. v. Midland Bank*, 551 F.2d 21 (3d Cir. 1977).

State Farm indicated that defendants were "still conducting an investigation" and that plaintiffs should "await ... later correspondence before proceeding further". However, on March 24, 1980, State Farm issued a formal denial of coverage. Allstate apparently never made a formal statement indicating whether or not it would pay plaintiffs' claim.

 Clearly, State Farm expressed its intention not to pay within sufficient time for plaintiff to file suit. Even if State Farm denied the claim in bad faith, plaintiffs still had sufficient time within which to comply with the terms of the policy. *Cf. Marshall v. Aetna Casualty & Surety Co.,* No. 80–1234, slip op. at 2 (E.D.Pa. June 30, 1980) ("[p]laintiff, as the party claiming waiver 'must show that he was misled and prejudiced thereby' "), quoting *Brown v. City of Pittsburgh,* 409 Pa. 357, 186 A.2d 399 (1962). Admittedly, Allstate's indication to the same effect was not as clear. Allstate did reject plaintiffs' proof of loss within sufficient time for plaintiffs to file suit, and State Farm's formal denial of payment put plaintiffs on notice that representations which State Farm had made previously concerning settlement and payment no longer existed. Plaintiffs should not have sat idly watching the one–year time period elapse. Moreover, negotiations between the parties did not toll the limitations period. *Marshall v. Aetna Casualty & Surety Co., supra.*

Accordingly, defendants' motions to dismiss the complaint will be granted.[4]

---

4. Plaintiffs also claim that *Brakeman v. Potomac Insurance Co.,* 472 Pa. 66, 371 A.2d 193 (1977) requires defendants *to prove prejudice* in order to rely upon the limitations defense. We agree with Judge Meanor, sitting by designation, who indicated but did not decide, that *Brakeman,* as interpreted by the Superior Court of Pennsylvania in *Diamon v. Penn Mutual Fire Insurance Co.,* 247 Pa.Super. 534, 372 A.2d 1218 (1977), "can be read as applying it only to the issue of when and under what circumstances the tolling ceases and the suit limitation period begins to run again". *Leone v. Aetna Casualty & Surety Co.,* 599 F.2d at 569 n. 4.

Our conclusion renders moot plaintiffs' motion to amend the complaint to include reasons why the "commencement of suit" clauses were unavailable to defendant. *See Holman v. Carpenter Technology Corp.,* 484 F.Supp. 406 (E.D. Pa.1980).