424 A.2d 1360

**Paul PETRAGLIA, Appellant**

v.

**AMERICAN MOTORISTS INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued April 15, 1980.

Filed Jan. 23, 1981.

Petition for Allowance of Appeal Granted May 11, 1981.

2

Alfred S. Pelaez, Pittsburgh, for appellant.

Charles Kirshner, Pittsburgh, for appellee.

Before CAVANAUGH, HOFFMAN and VAN der VOORT, JJ.

HOFFMAN, Judge:

Appellant contends that appellee, American Motorists Insurance Company, was not entitled to summary judgment because it: (1) failed to prove that it was prejudiced by appellant's commencement of this action beyond the policy period of limitation; and (2) is estopped from asserting the policy limitation requiring suit to be commenced within one

year of the loss.[1] We disagree and, accordingly, affirm the order of the lower court.

Summary judgment "shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Pa.R. Civ.P. 1035(b). Summary judgment can only be granted in the clearest of cases. See, e. g., Schacter v. Albert, 212 Pa.Super. 58, 239 A.2d 841 (1968). Additionally, the evidence must be viewed in the light most favorable to the non-moving party and all doubts must be resolved against the moving party. See Thompson Coal Co. v. Pike Coal Co., 488 Pa. 198, 412 A.2d 466 (1979); Just v. Sons of Italy Hall, 240 Pa.Super. 416, 368 A.2d 308 (1976). Viewed according to these standards, the facts may be summarized as follows.

On August 31, 1976, a fire damaged appellant's dwelling and its contents which were insured by appellee. Although appellant promptly notified appellee of the fire, appellant failed to provide the requisite proof of loss within the sixty day period mandated by the policy. On March 7, 1977, appellee's adjuster granted appellant an additional fifteen days to provide the proof of loss. Appellant's attorney promptly requested thirty additional days to submit the required proofs. Appellant's counsel finally submitted a list of destroyed property on March 10, 1978, approximately twenty months after the fire. Because the parties were unable to settle the claim, appellant commenced this action in assumpsit on July 13, 1978, nearly twenty-three months after the loss. Appellee's answer and its subsequent motion for summary judgment asserted that appellant failed to comply with two separate policy provisions which required

1. Appellant contends also that summary judgment was inappropriate because appellee: (1) failed to show that appellant's failure to file timely proof of loss had prejudiced it; and (2) waived the policy provision requiring timely proof of loss. Appellee contends that we can affirm on the alternate ground that appellant's proof of loss was technically insufficient. Because we conclude that appellant failed to comply with the policy provision requiring suit to be commenced within one year of the loss, we need not address any of these issues.

timely action of appellant, namely: (1) to provide proof of loss within sixty days of the loss;[2] and (2) to commence suit within one year of the loss.[3] Appellant responded that appellee had not demonstrated that it was prejudiced by appellant's untimely actions, and, alternatively, that appellee had waived or was estopped from asserting the policy provisions. The lower court en banc concluded that appellee could not rely upon the proof of loss condition because it had failed to prove that it was prejudiced by appellant's tardy proof of loss. However, the lower court held additionally that because the one-year suit limitation clause was valid and enforceable, appellant's failure to file suit on or before August 31, 1977 justified summary judgment for appellee. This appeal followed.

■ Appellant contends that, as a matter of law, appellee may not rely upon the one-year suit limitation clause for it failed to demonstrate prejudice resulting from appellant's untimely suit. Policy provisions limiting an insured's right to sue his insurer have been upheld uniformly by our courts. *See, e. g., General State Authority v. Planet Insurance Co.,*

2. The policy states, as an express condition, that
within sixty days after the loss, unless such time is extended in writing by this Company, the insured shall render to this Company a proof of loss, signed and sworn to by the insured, stating the knowledge, and belief of the insured as to the following: the time and origin of the loss, the interest of the insured and of all others in the property, the actual cash value of each item thereof and the amount of loss thereto, all encumbrances thereon, all other contracts of insurance, whether valid or not, covering any of said property, any changes in the title, use, occupation, location, possession or exposure of the said property since the issuing of this policy, by whom and for what purpose any building herein described and the several parts thereof were occupied at the time of loss and whether or not it then stood on leased ground, and shall furnish a copy of all the descriptions and schedules in all policies and, if required, verified plans and specifications of any building, fixtures or machinery destroyed or damaged.

3. The policy states:
No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss.

464 Pa. 162, 165–66, 346 A.2d 265, 267 (1975); *Commonwealth v. Transamerica Insurance Co.*, 462 Pa. 268, 274, 341 A.2d 74, 77 (1975); *Fratto v. New Amsterdam Casualty Co.*, 434 Pa. 136, 140, 252 A.2d 606, 607 (1969); *Lardas v. Underwriters Insurance Co.*, 426 Pa. 47, 50–51, 231 A.2d 740, 741, 742 (1967); *Brooks v. St. Paul Insurance Co.*, 264 Pa.Super. 157, 158, 399 A.2d 714, 715 (1979); *Satchell v. Insurance Placement Facility of Pennsylvania*, 241 Pa.Super. 287, 294, 361 A.2d 375, 378 (1976); *Abolin v. Farmers Amer. Mut. Fire Ins. Co. of Bucks County*, 100 Pa.Super. 433, 435 (1930). *See generally*, 18 G. Couch, Insurance 2d §§ 75:71, 75:86 (1968). There is absolutely no dispute that this action was commenced "beyond the policy's limitation period, a period which runs from the date of the occurrence of the destructive event or casualty insured against." *General State Authority v. Planet Insurance Co., supra*, 464 Pa. at 166, 346 A.2d at 267. Accordingly, absent proof of waiver or estoppel, Pennsylvania case law would warrant summary judgment for appellee.

Appellant argues, however, that a line of more recent authorities would require appellee to prove that it was prejudiced by his failure to commence suit within the one year allowed under the policy. *See ACF Produce, Inc. v. Chubb/Pacific Indemnity Group*, 451 F.Supp. 1095, 1098–99 (E.D.Pa.1978). *Contra, Leone v. Aetna Life & Casualty Co.*, 448 F.Supp. 698, 701 (E.D.Pa.1978), *rev'd on other grounds*, 599 F.2d 566, 569 n.4 (3d Cir. 1979) (reserving the issue of prejudice). In *ACF Produce*, the insured brought suit four months beyond the limitation period. The insurer filed a motion for summary judgment asserting, *inter alia*, the action was barred under the terms of the policy. In denying summary judgment, the court concluded "that Pennsylvania law . . . requires an insurer to show prejudice before it can compel forfeiture by invoking a . . . limitation of suit clause." 451 F.Supp. at 1099. That conclusion rested upon two Pennsylvania appellate cases: *Brakeman v. Potomac Insurance Co.*, 472 Pa. 66, 371 A.2d 193 (1977), and *Diamon v.*

*Penn Mutual Fire Insurance Co.*, 247 Pa.Super. 534, 372 A.2d 1218 (1977) (plurality opinion).

In *Brakeman*, our Supreme Court held that a plaintiff's action against an automobile insurer for the limits of the policy coverage was not barred solely because the insured failed to provide timely notice of the accident absent proof of prejudice to the insurer. The Court, departing from a strict contractual analysis, stated:

> [A] reasonable notice clause is designed to protect the insurance company from being placed in a substantially less favorable position than it would have been had timely notice been provided, e. g., being forced to pay a claim against it which it has not had an opportunity to defend effectively. In short, the function of a notice requirement is to protect the insurance company's interests from being prejudiced. Where an insurance company's interests have not been harmed by a late notice, even in the absence of extenuating circumstances to excuse the tardiness, the reason behind the notice condition in the policy is lacking, and it follows neither logic nor fairness to relieve the insurance company of its obligations under the policy in such a situation. . . . Allowing an insurance company, which has collected full premiums for coverage, to refuse compensation to an accident victim or insured on the ground of late notice, where it is not shown timely notice would have put the company in a more favorable position, is unduly severe and inequitable. Moreover, we do not think such a result comports with the reasonable expectations of those who purchase insurance policies.

> For the foregoing reasons, we are of the opinion that the law established by our prior decisions relative to the effect of a clause in a liability insurance policy requiring the giving of notice of accident to the insurance company "as soon as practicable" has been too restrictive and should be changed. We therefore hold that where an insurance company seeks to be relieved of its obligations under a liability insurance policy on the ground of late notice, the insurance company will be required to prove

that the notice provision was in fact breached and that the breach resulted in prejudice to its position.

472 Pa. at 75–77, 371 A.2d at 197–98 (footnote omitted).

In *Diamon*, this Court reversed a grant of summary judgment in an action on a fire insurance policy brought beyond the one-year limitation contained in the policy. There, a criminal action instigated by the insurer against the insured before the expiration of the limitation period was nolprossed on the basis of after-discovered evidence. Thus, the issue before this Court was whether the insurer was precluded from asserting the provision requiring timely commencement of an action on the policy. Judge SPAETH, writing for a plurality of the Court, stated that the insurer effectively tolled the limitation by instituting the criminal charge, necessitating a determination of whether the limitation period began to run again. 247 Pa.Super. at 544, 372 A.2d at 1223. Citing *Brakeman*, Judge SPAETH stated that, on remand, prejudice to the insurer should be a factor. in that determination. *See id.*, 247 Pa.Super. at 547–48, 372 A.2d at 1224–25.

We decline to follow the decision of the federal court in *ACF Produce*. Unlike the timely notice of accident provision in *Brakeman*, the one-year suit limitation clause has been statutorily approved. Act of May 17, 1921, P.L. 682, § 506, added August 23, 1961, P.L. 1081, § 1, 40 P.S. § 636 (setting forth the required form of standard fire insurance policies). Additionally, the plurality opinion in *Diamon*, citing *Brakeman*, does not apply in this context because there was no allegation by the insurer of criminal conduct by the insured. Accordingly, we choose not to extend the rationale of *Brakeman* to an action commenced in violation of the one-year suit limitation clause. *Cf. Brandywine One Hundred Corp. v. Hartford Fire Insurance Co.*, 405 F.Supp. 147, 151 (D.Del.1975) (declining to extend Delaware case requiring prejudice in notice context to suit limitation clause), *aff'd mem.*, 588 F.2d 819 (3d Cir. 1978). We note that the unbroken line of authorities upholding the contractual limitation clause has continued even after *Brakeman*

and *Diamon. E. g., Brooks v. St. Paul Insurance Co., supra.*
We believe that courts should be reluctant to overrule such
wellsettled principles where to do so would vitiate a legisla-
tively approved provision of a standard fire insurance policy.
Moreover, if such a change is to be made, we believe that the
decision is more appropriately left to our Supreme Court.
Consequently, we hold that the lower court did not err in
finding the one-year suit limitation clause to be valid and
enforceable absent waiver or estoppel.

 Appellant next contends that appellee is precluded
from asserting the contractual limitation because it extend-
ed the period in which the proof of loss could be filed and
then silently allowed the one-year period to expire. Appel-
lant correctly notes our cases holding that such a provision
will not be enforced when the conduct of the insurer consti-
tutes a waiver or estoppel. *E. g., General State Authority v.
Planet Insurance Co., supra,* 464 Pa. at 165 n.6, 168, 346 A.2d
at 267 n.6, 268; *Commonwealth v. Transamerica Insurance
Co., supra,* 462 Pa. at 274–75, 341 A.2d at 77; *Lardas v.
Underwriters Insurance Co., supra,* 426 Pa. at 51–52, 231
A.2d at 742; *Brooks v. St. Paul Insurance Co., supra,* 264
Pa.Super. at 158, 399 A.2d at 715; *Satchell v. Insurance
Placement Facility of Pennsylvania, supra,* 241 Pa.Super. at
294–95, 361 A.2d at 378–79; *Ercole v. Metropolitan Life
Insurance Co.,* 155 Pa.Super. 549, 554, 39 A.2d 293, 295
(1944). It is fundamental, however, that appellant must
present a factual basis to support a finding of waiver or
estoppel. *Lardas v. Underwriters Insurance Co., supra,* 426
Pa. at 52, 231 A.2d at 742; *Satchell v. Insurance Placement
Facility of Pennsylvania, supra,* 241 Pa.Super. at 295, 361
A.2d at 379; *Ercole v. Metropolitan Life Insurance Co.,
supra,* 155 Pa.Super. at 554, 39 A.2d at 295; *Abolin v.
Farmers Amer. Mut. Fire Ins. Co. of Bucks County, supra* at
436. From our review of the record, we conclude that
appellant has not demonstrated the existence of a material
issue of triable fact which would support such an allegation.
The record shows that appellee granted appellant a finite
extension of fifteen days to submit proper proofs of loss and

that appellant's counsel requested thirty more days. The extension and the request were made almost five months before the suit limitation period expired. The letter granting the extension for proof of loss was silent as to the one-year suit limitation. Additionally, the record is devoid of any evidence of subsequent contacts which would give appellee "reasonable grounds for believing that the time limit would be extended or that such provision would not be strictly enforced. . . ." *McMeekin v. Prudential Insurance Co.*, 348 Pa. 568, 572, 36 A.2d 430, 432 (1944). Similarly, there is no evidence that appellant's failure to comply was induced by the actions of appellee. *Arlotte v. National Liberty Insurance Co.*, 312 Pa. 442, 445, 167 A. 295, 296 (1933). Thus, the lower court properly granted summary judgment for appellee. *Compare Commonwealth v. Transamerica Insurance Co., supra* (insurer deliberately misled insured); *Brooks v. St. Paul Insurance Co., supra* (insurer's agent assured insured that loss was covered by policy).

Order affirmed.