**HOSPITAL SUPPORT SERVICES, LTD., Appellant,**

v.

**KEMPER GROUP, INC. and Lumbermens Mutual Casualty Company.**

No. 89–1337.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Sept. 6, 1989.

Decided Nov. 30, 1989.

**1312**

Michael R. Needle, Philadelphia, Pa., for appellant.

Dean F. Murtagh, Frank A. Gerolamo, German, Gallagher & Murtagh, Philadelphia, Pa., for appellees.

Before BECKER, COWEN and WEIS, Circuit Judges.

## OPINION OF THE COURT

COWEN, Circuit Judge.

This is an appeal of the trial court's order entered on January 27, 1989 granting summary judgment in favor of defendant Lumbermens Mutual Casualty Company ("Lumbermens") and against the plaintiff-appellant, Hospital Support Services, Ltd. ("HSS") and of the February 24, 1989 order of the district court denying appellant's motion for reconsideration of the January 27 order. Based on our prediction of Pennsylvania law, we will affirm the judgment of the district court.

1. On July 12, 1988, the district court dismissed Kemper upon obtaining consent of the parties.

2. There is no question presented on this appeal as to the scope of the coverage afforded by the

I.

The facts relevant to this appeal are undisputed. HSS owns and operates mobile CAT scan equipment, some of which was insured with Lumbermens. When a dispute arose regarding coverage of four failed x-ray tubes, HSS initiated a declaratory judgment action against Lumbermens and Kemper Group, Inc. ("Kemper") on April 8, 1988. Specifically, HSS sought a declaration that Lumbermens and Kemper were required to indemnify HSS in the amount of $35,473.50 in connection with alleged losses.[1] Thereafter, Lumbermens filed its answer along with affirmative defenses, including the defense that HSS's claims were barred because the litigation was not commenced within one year of the alleged loss as required by the policy of insurance.[2]

The parties then agreed to a set of stipulated facts and filed cross motions for summary judgment. According to the stipulation, the policy requires the filing "with the Company or its agent within ninety (90) days from date of discovery of such loss, damage or occurrence, a detailed sworn proof of loss." App. at 7, 8. The policy also requires that any lawsuit brought to enforce a claim be commenced "within twelve (12) months next after discovery by the Insured of the occurrences which gives rise to the claim...." App. at 8.

The parties stipulated that HSS submitted its first claim under the policy for loss arising from use of the x-ray equipment on May 5, 1987 and that Lumbermens denied this claim. App. at 9. On April 8, 1988, HSS initiated the present litigation against Kemper and Lumbermens. The parties agree that "HSS did not give Lumbermens a sworn, written proof of loss within 90 days of the occurrence of its loss" nor did "HSS ... commence the present action within twelve (12) months of the occurrence of its loss." App. at 9.

policy. The sole issue, therefore, relates to HSS's failure to file a claim within the time limitations set out in the policy.

In an order entered on January 27, 1989, the district court summarily granted Lumbermens' motion and denied HSS's motion. App. at 41. On February 24, 1989, the district court denied HSS's motion for reconsideration of the January 27, 1989 order and indicated that an opinion would follow. The opinion issued pursuant to this order was entered on April 4, 1989. App. at 65. The district court held that the insurance contract's one year suit limitation clause barred HSS's claim. HSS now appeals to this Court.

## II.

HSS submits on this appeal that the district court erred in not extending the rule enunciated in the Pennsylvania Supreme Court's decision in *Brakeman v. Potomac Ins. Co.,* 472 Pa. 66, 371 A.2d 193 (1977) to the facts of this case. In *Brakeman,* the Pennsylvania Supreme Court held that an insured's failure to file a notice of loss within the deadline set by the policy would not bar coverage unless the carrier can prove prejudice as a result. Because such notice provisions as the one at issue in *Brakeman* are generally "dictated by the insurance company to the insured," 472 Pa. at 72, 371 A.2d at 196, the Pennsylvania Supreme Court held that "a strict contractual approach is inappropriate." 472 Pa. at 73, 371 A.2d at 196. Accordingly, it held that enforcement of such notice deadlines, absent prejudice to the insured, would effect an inequitable forfeiture. 472 Pa. at 72, 73, 371 A.2d at 196, 197.

The question thus presented on this appeal is whether the rationale of *Brakeman* should apply to limitation of suit clauses as well as to notice of loss provisions. Because the Pennsylvania Supreme Court has never squarely addressed the issue, our task is one of predicting Pennsylvania law. *See Compagnie Des Bauxites de Guinee v. Insurance Co. of N. Am.,* 724 F.2d 369, 371 (3d Cir.1983); *Connecticut Mut. Life Ins. Co. v. Wyman,* 718 F.2d 63, 66 (3d Cir. 1983); *National Sur. Corp. v. Midland Bank,* 551 F.2d 21 (3d Cir.1977). We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and our review is plenary.

## III. *DISCUSSION*

In *Brakeman,* the Pennsylvania Supreme Court held that an insured's noncompliance with a notice of loss provision bars a claim only if the carrier can show that it has been prejudiced. Two theoretical underpinnings form the basis for the holding. First, the departure from a strict contractual approach was deemed appropriate since such notice provisions are seldom subject to negotiation. Rather, "[t]he only aspect of the contract over which the insured can 'bargain' is the monetary amount of coverage." 472 Pa. at 72, 371 A.2d at 196. Consequently, where the penalty to be suffered is a "forfeiture," 472 Pa. at 73, 371 A.2d at 196, "an insurance company [may not] refuse to provide that which it was paid for unless a sound reason exists for doing so." 472 Pa. at 74, 371 A.2d at 197.

Second, the court, in analyzing the purpose of such notice provisions, found that "[t]he purpose of a policy provision requiring notice of an accident or loss to be given within a certain time is to give the insurer an opportunity to acquire, through an adequate investigation, full information about the circumstances of the case, on the basis of which, it can proceed to disposition, either through settlement or defense of the claim." 472 Pa. at 74, 371 A.2d at 197 (citations omitted). The court reasoned that since "the function of a notice requirement is to protect the insurance company's interests from being prejudiced," *id.,* then "[w]here the insurance company's interests have not been harmed by a late notice ... the reason behind the notice condition in the policy is lacking, and it follows neither logic nor fairness to relieve the insurance company of its obligations under the policy in such a situation." 472 Pa. at 75, 371 A.2d at 197.

Two lines of cases can be explained in terms of these theoretical underpinnings. First, in light of *Brakeman's* characterization of insurance contracts as contracts of adhesion and its departure from a strict contractual approach, several courts have held *Brakeman* to be inapplicable to limita-

tions of suit clauses where Pennsylvania statutes have mandated the inclusion of the limitations clauses in insurance policies. *See, e.g., Laughton v. Chester County Mut. Ins. Co.,* 641 F.Supp. 40 (E.D.Pa. 1985); *Esbrandt v. Provident Life & Accident Ins. Co.,* 559 F.Supp. 23 (E.D.Pa.), *aff'd mem.,* 722 F.2d 731 (3d Cir.1983); *Schreiber v. Pennsylvania Lumberman's Mut. Ins. Co.,* 498 Pa. 21, 444 A.2d 647 (1982). In these cases, the courts distinguish *Brakeman* by noting that the limitation of suit clauses at issue were not included at the exclusive discretion of the insurance carrier but rather, as a result of a legislative mandate. Thus, the large disparity of bargaining power between the insured and the carrier upon which *Brakeman* was premised was not present in such cases.

Second, with regard to the prejudice requirement being based on the purpose of the notice of loss provision, other courts have held that the reasoning supportive of the *Brakeman* "notice" rule should not extend to limitation of suit clauses, and that *Brakeman,* therefore, does not apply to limitation of suit clauses. *See Brandywine One Hundred Corp. v. Hartford Fire Ins. Co.,* 405 F.Supp. 147 (D.Del.1975), *aff'd mem.,* 588 F.2d 819 (3d Cir.1978) (applying Delaware law) (generally noting the difference between a notice provision and a limitation of suit provision, and applying a prejudice rule to the former and not to the latter). In *Brandywine,* the district court, in distinguishing the two types of provisions, stated that "the purpose of [notice provisions] is to avoid prejudice; the [purpose of suit limitation clauses] is simply a contractual modification of the statute of limitations." 405 F.Supp. at 151. Further, the court noted that "[t]he weight of authority in the United States holds that a provision in an insurance policy which re-

quires an action for loss to be instituted within a period of limitations prescribed by statute is valid if the period in the policy is reasonable." *Id.*

However, we note that the lines of authority are not so neatly drawn. At least one federal court has concluded that *Brakeman* applies to limitation of suit clauses generally, whether or not such clauses have been required by law. *See ACF Produce, Inc. v. Chubb/Pacific Indem. Group,* 451 F.Supp. 1095 (E.D.Pa. 1978) ("We concluded that Pennsylvania law, as developed in *Brakeman,* requires an insurer to show prejudice before it can compel forfeiture by invoking a proof of loss or limitation of suit clause."). The Pennsylvania Superior Court has also generally applied the *Brakeman* rationale to a legislatively mandated limitation of suit clause. *See Diamon v. Penn Mutual Life Ins. Co.,* 247 Pa.Super. 534, 372 A.2d 1218 (1977). Yet we also note that these cases, which appear to depart from the theoretical lines, have been sharply criticized. *See, e.g., Petraglia v. American Motorists Ins. Co.,* 284 Pa.Super. 1, 424 A.2d 1360 (1981), *aff'd mem.,* 498 Pa. 32, 444 A.2d 653 (1982).

In *Leone v. Aetna Casualty & Sur. Co.,* 599 F.2d 566 (3d Cir.1979), this Court expressly reserved decision on the issue now before us. In *Leone,* we reversed a judgment granting an insurer's motion to dismiss which was based on a determination that the suit was barred by a limitation of suit clause. The holding was based on this Court's interpretation of the Pennsylvania Superior Court's decision in *Diamon v. Penn Mut. Fire Ins. Co.,* 247 Pa.Super. 534, 372 A.2d 1218 (1977).[3] We held that, based on *Diamon,* if an insurer breaches a duty of good faith to the insured in the course of investigating the insured's claim, a subsequent suit by the insured to recover on the policy is not barred by failure to file

---

**3.** In *Diamon,* the Pennsylvania Superior Court applied *Brakeman* to a statutorily mandated limitation of suit clause. The insured had been prosecuted at the insurer's request for allegedly filing a false proof of loss. After being erroneously convicted, the district attorney entered a *nolle prosequi.* The insured then waited until the end of the five year criminal statute of limitations to bring suit on his fire insurance

policy. The Superior Court held that the insurer's mistaken charge of criminal liability tolled or suspended the suit limitation clause. Without any discussion regarding the propriety of applying *Brakeman,* the Superior Court, assuming its applicability, found no prejudice resulting from the insured's late filing but indicated that the record to be developed on remand could indicate otherwise.

the suit within the time prescribed in the limitation of suit clause.

Because this Court in *Leone* found assertions in the insured's complaint which could have tolled the limitation of suit clause, i.e., the alleged lack of good faith by the insurer, it did not have to resolve the question of whether prejudice must also be shown in order to toll a limitation of suit clause. Instead, we explicitly reserved decision stating that:

[W]hether an insurer must show prejudice before obtaining exoneration of liability because of violation of the suit limitation clause is not an issue concretely before us; it may be unnecessary to resolve in this case and we deem it of sufficient importance to be reserved for resolution at a time when it is necessarily presented.

*Leone,* 599 F.2d 566, 569 n. 4 (3d Cir.1979).

Judge Hunter, however, in a strong dissent states that "the *Diamon* case, which is the sole basis for the majority's decision to reverse the judgment of the district court [does not] accurately represent[ ] Pennsylvania law." 599 F.2d at 570. According to his dissent, "the one year suit limitation provision is binding unless the insurer is responsible for the insured's failure to comply with it." 599 F.2d at 572. Thus, even if the insurer's denial of a claim is made in bad faith, the limitation of suit clause must be enforced so long as the insurer has not caused the failure to bring a timely suit to compel payment of a claim. *Id.* He cites *Lardas v. Underwriters Ins. Co.,* 426 Pa. 47, 231 A.2d 740 (1967) and *General State Authority v. Planet Ins. Co.,* 464 Pa. 162, 346 A.2d 265 (1975) for the proposition that limitation of suit clauses are generally upheld under Pennsylvania law. He writes:

This suit limitation clause has been examined by the Pennsylvania Supreme Court in *Lardas v. Underwriters Ins. Co.,* 426 Pa. 47, 231 A.2d 740 (1967), and *General State Authority v. Planet Insurance Co.,* 464 Pa. 162, 346 A.2d 265 (1975). In *Lardas,* the Supreme Court concluded that such a clause is 'valid and reasonable,' 426 Pa. at 50, 231 A.2d at 741, and held that '[t]he failure of [the insured] to abide by the [suit limitation] provision ... constitutes an absolute bar to [the insured's] claim. To hold otherwise, in the factual matrix of this litigation would render meaningless this provision.' *Id.* at 53, 231 A.2d at 742–43. Similarly, in *General State Authority,* the court 'recognize[d] the validity and binding nature' of the one year limit, 464 Pa. at 168, 346 A.2d at 269.

599 F.2d at 570. Since Pennsylvania law requires enforcement of limitation of suit clauses unless the insurer caused the failure to comply with the clause, the dissent contends that *Diamon's* "good-faith" rule which allows for circumvention of the suit limitation clause even if the insurer did not cause the failure to comply with the clause, misstates established Pennsylvania law.[4]

While the Pennsylvania Superior Court applied *Brakeman* in *Diamon,* and although this Court relied on *Diamon* in *Leone,* Judge Hunter, the only member of the Court in *Leone* to consider the *Brakeman* issue, stated that *Brakeman* should not apply to limitations of suit clauses as a general rule. He states:

On appeal, Leone contends that *Brakeman v. Potomac Ins. Co.,* 472 Pa. 66, 371 A.2d 193 (1977), requires reversal. In *Brakeman,* the Supreme Court held that a suit to collect on an automobile liability policy may not be dismissed for failure to comply with the notice of loss provision of the policy absent a showing of prejudice to the insurer. Leone claims that the prejudice test also applies here,

---

**4.** The district court also implied that a limitation of suit clause must be enforced absent some showing that the insurer caused the failure to timely file the claim. Significantly, it found that HSS did not allege "any conduct on the part of Lumbermens which induced it to wait to commence suit such as a negligently conducted investigation." *Id.* Nor did it find any "overreaching by Lumbermens in including a twelve-month limitation clause in the policy...." App. at 74. Additionally, the district court found that "HSS has not offered any extenuating circumstances for failing to commence suit within the twelve-month period." *Id.* Accordingly, the district court found the limitation of suit clause to be enforceable.

so that his complaint may not be summarily dismissed. For the reasons so well expressed by the district court in *Brandywine One Hundred Corp. v. Hartford Fire Ins. Co.*, 405 F.Supp. 147 (D.Del.1975), *aff'd* 588 F.2d 819 (3d Cir. 1978), I do not believe that the Pennsylvania Supreme Court would apply *Brakeman* in the context of a suit limitation clause, the purpose of which is totally distinct from that of a notice of loss provision.

599 F.2d at 573 n. 7.

Thus, the only member of this Court to consider the issue has expressed the view that *Brakeman's* second theoretical basis—that the purpose of the notice of loss clause is to prevent prejudice to the insurer—cannot justify application of the prejudice rule to limitation of suit clauses.

We agree and believe the better view is that the *Brakeman* rule does not apply to limitation of suit clauses. Neither of the purported justifications for *Brakeman's* departure from a strict contractual approach apply to suit limitations clauses. We recognize that "[s]uch clauses were completely acceptable and enforceable at common law without any demonstration of prejudice." *Hamilton Bank v. Export–Import Bank of U.S.*, 634 F.Supp. 195 (E.D.Pa.1986). Under the sweeping language of *Brakeman*, many clauses arguably could be held to be unenforceable absent a showing of prejudice. We, therefore, hesitate to hold that limitation of suit clauses can be enforced only in the absence of prejudice to the carrier. Further, as we find the purposes of the notice and suit limitations clauses differ, the theoretical justifications for requiring prejudice in the notice clauses at issue in *Brakeman* are not apt with respect to limitations of suit clauses. *See Brandywine*, 405 F.Supp. at 151.

Perhaps more importantly, as our task is one of predicting Pennsylvania law, we note that the general application of *Brakeman* by the United States District Court for the Eastern District of Pennsylvania in *ACF Produce* has been criticized and rejected not only by the Pennsylvania Superi-

or Court in *Petraglia v. American Motorists Ins. Co.*, 284 Pa.Super. 1, 424 A.2d 1360 (1981), *aff'd mem.*, 498 Pa. 32, 444 A.2d 653 (1982), but also by the Eastern District Court itself in later opinions. *See Hamilton Bank*, 634 F.Supp. at 202; *see also Pini v. Allstate Ins. Co.*, 499 F.Supp. 1003, 1005 n. 4 (E.D.Pa.1980), *aff'd mem.*, 659 F.2d 1070 (3d Cir.1981).

Although the Pennsylvania Superior Court's more recent decision in *Petraglia* involved a statutorily mandated limitations of suit clause—and thus, the holding can be explained on this narrow basis—we believe that the court intended to express a more general reluctance to extend *Brakeman* to limitation of suit clauses. The Pennsylvania Superior Court in *Petraglia* states:

We decline to follow the decision of the federal court in *ACF Produce*. Unlike the timely notice of accident provision in *Brakeman*, the one-year suit limitation clause has been statutorily approved. Act of May 17, 1921, P.L. 682 § 506, added August 23, 1961, P.L. 1081, § 1, 40 P.S. § 636 (setting forth the required form of standard fire insurance policies). Additionally, the plurality opinion in *Diamon*, citing *Brakeman*, does not apply in this context because there was no allegation by the insurer of criminal conduct by the insured. Accordingly, we choose not to extend the rationale of *Brakeman* to an action commenced in violation of the one-year suit limitation clause. *Cf. Brandywine One Hundred Corp. v. Hartford Fire Insurance Co.*, 405 F.Supp. 147, 151 (D.Del.1975) (declining to extend Delaware case requiring prejudice in notice context to suit limitation clause), *aff'd mem.*, 588 F.2d 819 (3d Cir.1978). We note that the unbroken line of authorities up-holding the contractual limitation clause has continued even after *Brakeman* and *Diamon*. *E.g., Brooks v. St. Paul Insurance Co. supra* [264 Pa.Super. 157, 399 A.2d 714 (1979)]. We believe that courts should be reluctant to overrule such wellsettled [sic] principles where to do so would viti-

ate a legislatively approved provision of a standard fire insurance policy. Moreover, if such a change is to be made, we believe that the decision is more appropriately left to our Supreme Court. Consequently, we hold that the lower court did not err in finding the one-year suit limitation clause to be valid and enforceable absent waiver or estoppel.

284 Pa.Super. at 7, 8, 424 A.2d at 1364. Because it is well settled that "[i]n the absence of an authoritative pronouncement by a state's highest court, we may give serious consideration to the opinion of an intermediate appellate court," *Aetna Casualty & Sur. Co. v. Farrell*, 855 F.2d 146, 148 (3d Cir.1988), we believe *Petraglia* indicates Pennsylvania's hesitation in broadly applying *Brakeman*. Accordingly, we will affirm the judgment of the district court based on our prediction that the Pennsylvania Supreme Court would not extend *Brakeman* so as to apply to limitation of suit clauses.

### IV. CONCLUSION

For the reasons set forth above, we find that the district court did not err. The judgment of the district court will be affirmed.