## Witlin v. State Farm Insurance Co.

*F. Barbara Danien,* for plaintiff.
*Joel F. Fishbein,* for defendant.

DOTY, *J.,* May 2, 1991—This matter comes before this court on the preliminary objections of defendant, State Farm Insurance Company, to the complaint of plaintiff, Anthony Witlin. By order of this court dated September 6, 1990, defendant's preliminary objections were sustained and plaintiff's complaint was dismissed with prejudice. On October 5, 1990, plaintiff filed a petition for reconsideration of this court's order of September 6, 1990,

denying plaintiff's petition for reconsideration. As plaintiff has appealed this decision to the Superior Court (3420 PHL 90) we now file this opinion in support of our order.

Plaintiff instituted a civil action against defendant for payment of an alleged theft loss which occurred on February 10, 1987. On April 9, 1990, plaintiff instituted suit to recover for this loss under a policy of insurance issued by defendant, State Farm Insurance Co.

Plaintiff was obligated, under the provisions of said insurance policy, to institute suit against defendant within one year of the date of the loss, or be barred from recovery. The language in question in the instant policy is contained on page 15, section 1, condition 9: suit. This provides:

"No action shall be brought unless there has been compliance with the policy's provisions, and the loss has become payable as specified in condition 7—payment of loss and the action is started *within one year* after the occurrence causing loss or damage." (emphasis supplied)

In *Petraglia v. American Motorists Insurance Company,* 284 Pa. Super. 1, 424 A.2d 1360 (1981) (opinion by Hoffman, *J.*), the court held that policy provisions limiting an insured's right to sue his insurer have been upheld uniformly by the courts of Pennsylvania. Further, the court held that the plaintiff is barred by the one-year limitation, regardless of whether the insurer demonstrates prejudice.

In *Satchell v. Insurance Placement Facility of Pennsylvania,* 241 Pa. Super. 287, 361 A.2d 375 (1976), the insured brought suit against his carrier for damage sustained when an automobile crashed through a wall of his property. The insurance company filed a demurrer to the complaint on the basis that it was time-barred by the one-year provision in

the policy. Attached to defendant's preliminary objections was a copy of the insurance contract. The preliminary objections were sustained and the lower court's ruling was affirmed on appeal. The court held that because plaintiff based his action upon a policy of insurance, the defendant could attach a copy of the policy of insurance in support of its demurrer.

In the instant suit, plaintiff attached the insurance contract to his complaint and is bound by the terms of it. Thus, plaintiff cannot maintain this present action because it is time-barred by the provisions of the insurance contract. Therefore, the orders dated September 6, 1990, and November 1, 1990, sustaining defendant's preliminary objections and dismissing plaintiff's complaint with prejudice are hereby affirmed.