

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-10-2008

# Klimowicz v. UNUM Life Ins Co

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4155

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Klimowicz v. UNUM Life Ins Co" (2008). *2008 Decisions*. Paper 375.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/375

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-4155

_____

MICHAEL KLIMOWICZ,
*Appellant*,

vs.

UNUM LIFE INSURANCE COMPANY OF AMERICA,
*Appellee*.

_____

On Appeal from the United States District Court
For the District of New Jersey
(Civ. No. 04-2990)
District Court Judge: Honorable Joseph A. Greenaway, Jr.

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 23, 2008

_____

Before: BARRY, CHAGARES and GARTH, *Circuit Judges*,
Opinion Filed: October 10, 2008

_____

**OPINION**
_____

GARTH, *Circuit Judge*:

This appeal arises out of a suit to restore payment of long-term disability benefits.

Defendants filed a motion for summary judgment asserting that the suit was barred by a three-year contractual limitation clause present in the insurance plan. The District Court granted summary judgment on September 28, 2007, and Klimowicz appeals. We will affirm.

## I.

On June 16, 1999, Klimowicz submitted a claim to Unum Life Insurance Company of America for long-term disability benefits due to a major depressive disorder that had incapacitated him since January 22, 1999. His claim was approved on October 21, 1999, and he was also informed at that time that his benefits were subject to a Mental Illness Limitation that limited his eligibility to a maximum of twenty-four months of payments.[1]

---

[1] The Mental Illness Limitation provided:
Benefits for disability due to mental illness will not exceed 24 months of monthly benefit payments unless the insured meets one of these situations.

1. The insured is in a hospital or institution at the end of the 24-month period. The monthly benefit will be paid during the confinement.

   If the insured is still disabled when he is discharged, the monthly benefit will be paid for a recovery period of up to 90 days.

   If the insured becomes reconfined during the recovery period for at least 14 days in a row, benefits will be paid for the confinement and another recovery period up to 90 more days.

2. The insured continues to be disabled and becomes

On April 22, 2001, Unum notified Klimowicz that his benefits were terminated pursuant to the Mental Illness Limitation because he had been paid 24 months of benefits. Unum noted in its letter that Klimowicz could appeal this decision by submitting a written appeal within 90 days of the letter.

Klimowicz filed an appeal with Unum on July 10, 2001, asking that his claim be reinstated because it was an "organic" disease and not a mental illness. In support, he submitted letters from Dr. Clifford Goldman and Scott Sigmon, Ph.D. Goldman described Klimowicz's condition as a "medical illness with a clear physiological basis, similar to diabetes or hypertension." App. A-462. Sigmon agreed that the disorder was "physiologically and biologically based," and that it was "of an organic basis typical of his sort of depression." App. A-470. Nevertheless, both Goldman and Sigmon classified his condition as DSM-IV 296.23, referring to the Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition. Moreover, Sigmon noted that this diagnosis was "the same DX I assigned him on 7-5-2000." At that time, Dr. Sigmon diagnosed Klimowicz as having DSM-IV "296.23, major depressive disorder, single episode, severe without psychotic features." App. A-472.

---

confined:

    a.     after the 24-month period; and

    b.     for at least 14 days in a row.

App. A-690.

Klimowicz's appeal was reviewed by Michelle Schwab, Ph.D., Unum's Medical Director, who "accept[ed] a biopsychosocial explanation for depression" but rejected the claim nonetheless because of "(1) classification of diagnosis in DSM-IV; (2) treatment by mental health professional; (3) treatment with interventions—psychotherapy and psychopharmacology—known to be appropriate for mental illness." App. A-459.

On August 20, 2001, Unum informed Klimowicz that it would not reverse the claim determination. On October 11, 2001, Unum informed him that this decision had been affirmed on appeal by Unum's Quality Performance Support Unit.

Klimowicz filed suit in state court on May 19, 2004, and the suit was removed to federal court on June 24, 2004. Klimowicz's action was stayed from March 2, 2005, to November 6, 2006, during which period Unum reviewed and denied Klimowicz's claim again. After the stay was lifted, Unum filed a motion for summary judgment asserting that the complaint was barred by a three-year contractual limitation clause. On September 28, 2007, the District Court granted summary judgment for Unum.

## II.

The District Court had original jurisdiction under 28 U.S.C. § 1441(a) and § 502(e) of ERISA. 29 U.S.C. § 1132(e). We exercise jurisdiction under 28 U.S.C. § 1291. Our review of a District Court's grant of summary judgment is plenary. McLeod v. Hartford Life & Accident Ins. Co., 372 F.3d 618, 623 (3d Cir. 2004).

Klimowicz's claim is most analogous to a breach of contract claim. ERISA does

-4-

not specify a statute of limitations for Klimowicz's claim, so we must "borrow" the state statute of limitations most analogous to his claim. Hahnemann Univ. Hosp. v. All Shore, Inc., 514 F.3d 300, 305-06 (3d Cir. 2008). The statute of limitations for a breach of contract claim in New Jersey is six years. N.J. Stat. Ann. § 2A:14-1. Parties may, however, contract for a shorter limitation period, as long as the contractual period is not manifestly unreasonable. Hosp. Support Servs., Ltd. v. Kemper Group, Inc., 889 F.2d 1311, 1314 (3d Cir. 1989).

The contractual limitation clause in Unum's policy states:

> A claimant or the claimant's authorized representative cannot start any legal action:
> 1.      until 60 days after proof of claim has been given; nor
> 2.      more than 3 years after the time [when] proof of claim is required.

App. A-375. Proof of claim must be provided "no later than 90 days after the end of the elimination period."[2] App. A-374. The plan defines the elimination period to be the first 90 days of the disability, during which long-term disability benefits are not payable.

The primary thrust of Klimowicz's argument is that his suit was not barred by this limitation clause because the appeal he filed in July 2001 was a *new* claim, thereby restarting the limitation period. He contends he did not discover that his condition was an

---

[2] The contract provides that if proof of claim cannot be provided within 90 days, it must be given "as soon as reasonably possible." App. A-374. Klimowicz highlights this clause to suggest that the limitation period was open-ended and had no actual beginning time. But the present record clearly shows that Klimowicz not only could, but did, provide his proof of claim within 90 days. Thus, this clause was never invoked.

organic-based illness until he received Dr. Goldman's letter dated June 12, 2001, in support of his 2001 appeal. He analogizes his situation to that of a claimant who discovers his depression is actually caused by a physiological source such as a brain tumor. Because this discovery was a new claim, he argues, the limitation period began to run anew. If so, he therefore would have had 90 days to submit his new proof of claim, plus an additional three years to file his action.

Unum responds that the proper start date of the limitation period was either July 11, 1999 (when proof of claim was required, 90 days after the end of the elimination period)[3] or October 21, 1999 (when Unum communicated to Klimowicz a "clear repudiation" that his benefits would end after 24 months). We agree.

Klimowicz's argument depends on proving that the nature of his mental condition changed—such that his 2001 appeal could constitute a new claim. The evidence of record does not support such a new claim. Indeed, the medical letters Klimowicz submitted with his 2001 appeal expressly indicated that his diagnosis remained unchanged. Moreover, that appeal claimed only that his existing condition should have been characterized differently, not that Klimowicz had discovered a new and independent condition. Thus, we hold that the limitation period began to run in 1999.

Klimowicz also complains on other grounds of varying coherency, none of which

---

[3] The District Court calculated that Klimowicz had to provide proof of claim by July 22, 1999, rather than July 11, 1999, because it counted forward by months rather than by days. This difference was immaterial.

have merit. He contends that Unum had a duty to inform him of the three-year limitation but failed to do so; that Unum neglected to raise the limitation defense in a timely manner and is therefore barred by estoppel and laches; that the limitation clause was unreasonable because it was ambiguous as to when the limitation period began; and that the limitation period should have been tolled because he was insane.

## III.

For the foregoing reasons, we will affirm the judgment of the District Court.